Rexford v. Widger.

---

### REXFORD and BIRDSALL vs. WIDGER and others.

A subsequent mortgagee is not a borrower within the meaning of the usury laws, so as to authorize him to file a bill to set aside a previous security, given by the mortgagor, on the ground that it is usurious, without paying or offering to pay the amount actually due or advanced, for which such previous security was given.

THIS was an appeal, by the defendants, from a decree of the late vice chancellor of the sixth circuit, setting aside two judgments by confession, in favor of the defendants Jonathan G. Widger and Betsey his wife against Green Randall, on the ground of usury. The judgments were given in November, 1839, and were docketed so as to become liens upon the real estate of Randall in Binghamton, in the county of Broome. The complainants were subsequent mortgagees of the lands in Binghamton; and filed their bill against the judgment creditors and the sheriff, to restrain them from selling the mortgaged premises upon the judgments; and to set aside the judgments for usury.

Rexford v. Widger.

*H. Vander Lyn*, for the appellants.

*A. Birdsall*, for the repondents.

THE CHANCELLOR.  It is a fatal objection to the bill of the complainants that they did not pay or offer to pay the amount of the moneys actually due, and which were included in the two judgments, with the legal interest thereon.  It is not necessary, therefore, that I should examine the various other questions arising in this cause.  The complainants are not borrowers within the meaning of the revised statutes, and the act of 1837, as recently expounded by the court for the correction of errors, in the case of *Post* v. *The Bank of Utica*, (7 *Hill's Rep*. 391.)  It was there decided that a subsequent grantee of the premises covered by a mortgage alleged to be usurious, or a purchaser at a sheriff's sale under a subsequent judgment, was not a borrower.  And that consequently he could not file a bill in this court to be relieved against the usurious incumbrance upon the premises, without paying or offering to pay what was equitably due.  The decree in this case, therefore, cannot be sustained.  For a subsequent mortgagee is not a borrower, within the meaning of the usury laws.

The decree of the vice chancellor must be reversed, and the bill of the complainants must be dismissed with costs, and the injunction dissolved.  But the decree of dismissal must be without prejudice to the rights of the complainants, if they have any, to contest the validity of the judgments in any other suit or proceeding.