Boughton v. Smith.

New trial denied.

[MONROE GENERAL TERM, March 1, 1858. *Johnson, Welles* and *Smith*, Justices.]

---

### BOUGHTON and others *vs.* SMITH & MUNGER.

Judgment creditors, whose executions have been returned unsatisfied, are not entitled to the benefit of a suit commenced by the judgment debtor against a third party, to set aside various contracts and conveyances on the ground of usury.

They therefore cannot have an injunction, to restrain the judgment debtor from settling or compromising the suits so commenced by him.

The right of action to cancel or avoid notes, bills, securities or other contracts, on the ground of usury, or to have the same surrendered, is not assignable. If the party injured will not sue, or will not continue to prosecute, there is no right of action available to any person, or in any court.

MOTION to dissolve an injunction. The motion was ordered by the judge at special term, to stand over to and be heard at, the general term. The defendant, John W.

Smith, had commenced a suit against Lyman Munger, to set aside various conveyances, chattel mortgages and other securities, on the ground of usury, and to have the same canceled. The plaintiffs in this suit are judgment creditors of Smith, and on the return of executions unsatisfied, commenced this suit to obtain the benefit of Smith's suit against Munger, setting up that such suit was commenced by their procurement and at their expense, and that Smith was threatening to settle the same with Munger; and they obtained an injunction to restrain such settlement of the suit, and prayed leave to prosecute the suit in Smith's name. The defendant moved to dissolve this injunction. The facts sufficiently appear in the opinion.

*S. Boughton,* for the plaintiffs.

*Wm. S. Bishop,* for the defendants.

*By the Court,* E. DARWIN SMITH, J. It is claimed by the defendants' counsel that there is no equity in the plaintiffs' case as stated in their complaint, and that they can have no relief thereupon, in a court of equity; and therefore that the injunction granted upon the commencement of the action should be dissolved. The plaintiffs are judgment creditors of the defendant Smith, with executions returned unsatisfied, and were therefore entitled to commence a suit in equity to reach the equitable property of their judgment debtor, and so far as their complaint is adapted to reach such property it may, obviously, be sustained. But the injunction was not allowed as upon a creditor's bill, and is not in the form usual in such cases, and cannot be sustained as a creditor's injunction as upon a suit on the return of an execution unsatisfied. The injunction simply restrains the defendants from settling or compromising, or attempting to settle or compromise, in any manner, the action described in the complaint wherein the defendant Smith is plaintiff and the defendant Munger is

the defendant. As the questions involved in the decision of this motion affect and will probably dispose of the whole merits of the action, I think it proper to consider and discuss them as though they had been raised upon demurrer to the whole complaint, for want of equity. The bill in this action is filed apparently for the sole object to obtain the benefit of the former suit, pending between the defendants and referred to in the injunction. The action of Smith against Munger, it appears, was commenced to avoid certain bonds and mortgages, conveyances, bills of sale and chattel mortgages, and to reach and require to be given up certain promissory notes turned out by Smith to Munger—all given and turned out to secure a loan or advance of money upon a usurious agreement. In the original action of Smith against Munger, the complaint sets up a clear cause of action to avoid the several contracts and conveyances therein set out, upon the ground of usury. If that suit were prosecuted to a decree and the plaintiff established the facts alleged, he would be entitled to the relief prayed for, under the provisions of the revised statutes regulating the interest upon money, as the same were revised by the act of 1837, on the same subject. The plaintiffs do not seek, and are clearly not entitled, to sustain this action, as original parties to the usurious transaction, as principals, sureties or otherwise. They seek to avail themselves of the suit instituted by Smith and to claim the benefit thereof, and the right to prosecute it in his name for their own benefit, and that they may create a fund for the payment of their debts out of the property in the hands of Munger ; and they claim that such suit was commenced by agreement between Smith and them, and for their benefit, and that they employed the attorney who instituted it, and have since assumed the whole responsibility of prosecuting it, and have indemnified Smith for all costs and expenses arising from the same. The plaintiffs' action assumes what is clearly the law, that the defense of usury, and the right to institute an affirmative action to avoid contracts tainted with usury, *is a ··personal*

*privilege.* (1 *Barb.* 278. 7 *Cowen,* 413. 10 *Wheat.* 367. 7 *Hill,* 391. 5 *Barb.* 133.) And the application for the injunction, and the allegations in the complaint, both also assume that Smith is not desirous of prosecuting his original action but is anxious or disposed to settle or compromise the same with Munger. It is apparent, therefore, that if this suit can be maintained a party may be compelled *ad invitum* in this court to insist upon the defense of usury, and that such a defense or affirmative claim based on such allegations of usury can be maintained by the creditors of the *borrower,* and against his wishes, in this court. Before the revised statutes, a party coming into a court of equity to asks its aid to avoid an usurious security, was required to pay, or to offer to pay, the amount actually loaned or advanced, upon the cardinal principle in equity, that " one who asks equity must do equity." The plaintiffs admit that Munger has made large advances to Smith, and that he holds the securities in question for a debt of $10,000, and which the defendant claims to be $16,000, and yet they do not offer to pay this sum, or any part thereof. Again; it was and is a fundamental doctrine of the courts of equity not to enforce, but to relieve against, a penalty or forfeiture. The plaintiffs ask this court to enforce upon the defendant Munger, a forfeiture of $10,000, according to their own statement of his advance for their benefit and that they may be enabled to obtain their debt of $4000. To do so, independently of the provisions of the statute, would be a subversion, most palpably, of the cardinal principles and doctrines of a court of equity. Upon received and recognized principles, no basis can be found in such a case to sustain such an action. It is repugnant to all its original maxims and axioms. But the legislature, in sec. 8, tit. 3, chap. 4, part 2 of the revised statutes, and by the act of 1837, chap. 430, sec. 4, have enforced it upon the court, in disregard of its original principles, to give relief against usurious contracts in certain cases without requiring the payment or a deposit of the principal sum or interest, or any portion thereof, as a

condition of granting such relief. The provisions of these statutes only apply in favor of the actual *borrower*, the original party to the loan, or to one representing him by privity of estate. (*Post* v. *Bank of Utica,* 7 *Hill,* 391. 3 *Barb. Ch. Rep.* 640. 2 *Comst.* 131. 4 *Kernan,* 131.) The plaintiffs stand in no such relation to Munger, and cannot, in their own right as creditors, maintain this action. Can they do so in Smith's name and avail themselves of his suit for that purpose, against his will? This is the only question that remains. The assent of Smith, or his agreement that the original suit should be commenced in his name for the benefit of the plaintiffs, and the acts and steps since taken in affirmance of such agreement, clearly imply, or are equivalent to, an equitable assignment of his cause of action. If the cause of action was a meritorious one, not affected by any question of usury or other statute offence, no doubt this court would maintain the rights of these plaintiffs and restrain Smith from doing any thing to their prejudice, in the prosecution of this suit. Assuming, then, that the plaintiffs are assignees of the rights of Smith, by an actual assignment of all his right to commence and prosecute the original action against Munger—and their rights can be no greater—can they then maintain the action? It seems to me very clear from the principles above stated, and the authorities referred to, that the right of action to cancel or avoid notes, bills, securities or other contracts, on the ground of usury, or to have the same surrendered, is not assignable. If the defense, or right of action, is limited to the *borrower* and his legal representatives, assignees cannot maintain it. They are clearly not included. It is a *statute* right of action. The offense of taking the usury is a misdemeanor. The right of recovering back, and to avoid all contracts tainted with, the usury, is in the nature of a penalty, and a heavy penalty. It is within the principle of the case of *Weyburn* v. *White,* (22 *Barb.* 82.)

There is no equitable or legal interest to assign. The right of action rests in and upon the statute. The parties make a

Boughton *v.* Smith.

corrupt and illegal agreement. Both agree to violate the statute, but the law deems it best to punish him who takes the usury, as the most efficient means to prevent the commission of the crime. It imposes upon him the loss of all he loans. This is a severe penalty. It is given to the person injured. It is a right of action or defense that only exists by virtue of the statute, and is by well settled rules of interpretation, limited to the party injured, and his legal representatives. He cannot assign it; he cannot allow another person to sue for it in his name. He cannot barter the right of action. The real party must appear upon the record, or some one bound to pay the debt in his stead, and demand the statute penalty. (11 *Wend.* 342.) If he will not sue, or will not continue to prosecute, there is no right of action available to any person, in any court. (2 *Hill,* 524. 11 *Barb.* 88. 13 *id.* 563. 5 *Seld.* 73.)

I cannot see any principle upon which this action can be maintained, so far as relates to the maintenance of the suit of *Smith* v. *Munger.*

The plaintiff is not entitled to the relief demanded in his complaint. This court cannot coerce the defendant Smith to prosecute a suit to avoid his own contracts on the ground of usury, and enforce a great loss on the defendant Munger, for the benefit of these complainants or otherwise. A court of equity cannot be used, in my opinion, for such a purpose.

The injunction should be dissolved, with $10 costs.

Injunction dissolved.

[Monroe General Term, March 1, 1853. *T. R. Strong, Johnson* and *Smith,* Justices.]