MERRITT COOK, Appellant, v. JOHN L. HARRIS et al., Respondents.

A dedication of land to the public use as a highway is not required to be in writing, and when accepted is irrevocable. The dedication and the acceptance may be proved by the acts of the parties and the circumstances of the case.

Acts and declarations of the owner manifesting an intent to devote the property to such public use are proper evidence to prove a dedication, and the acceptance may be proved by long public use, or by the acts of the proper public officers recognizing and adopting the highway.

T. made an arrangement with his neighbors by which they agreed to pay him $200 for the necessary land for a highway across his premises, and he entered into a bond running to the commissioners of highways, conditioned that, upon the payment of that sum in sixty days, he would give a warranty deed for the right of way for such public highway. The money was paid and the road was opened by the neighbors, the commissioners thereafter placed it in a road district and kept it in repair, and for fourteen years it was used as a public highway. In an action by plaintiff, claiming under T., against the commissioners of highways for trespass, in entering upon the road and removing obstructions therefrom, held, that the bond, even if not valid, was proper evidence to show dedication, and that the facts showed clearly a dedication and acceptance.

Commissioners of highways have the power, and it is their duty summarily to remove from a highway a building or other obstruction placed thereon interfering with public travel. They are not limited to an action to recover the statutory penalty for an obstruction.

(Submitted September 19, 1874; decided January term, 1875.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, affirming an order of Special Term denying a motion for a new trial.

The action was to recover damages for entering upon plaintiff's premises and removing therefrom a building. The defendants justified as commissioners of highways of the town of Ellicott, Chautauqua county, claiming that the *locus in quo* was a public highway, and that the building was an obstruction of public travel.

The facts, so far as important to the questions involved

upon the appeal, are as follows: Prior to 1853, one Tiffany owned a farm, including the premises in question, and in that year his neighbors negotiated with him to open a public road through the same, and, at their instance, he executed the following bond:

"Know all men by these presents, that I, Israel Tiffany, of the town of Ellicott, county of Chautauqua, and State of New York, am held and firmly bound to the commissioners of highways of the town of Ellicott, and State aforesaid, and their successors in office, in the penal sum of $500, and do hereby bind myself, my heirs and executors, administrators and assigns, in the above-mentioned sum upon this condition, viz.: Whereas, I have this day agreed to sell the right of way for a public highway, commencing at the south-east end of the Oak Hill road, at the junction of said road with plank-road, and running south-easterly through and entirely across the land owned by me, to the south-east corner of my land adjoining S. B. Dawley's west line, on the best ground for said road to run, for the sum of $200, to be paid in sixty days from this 27th day of October, 1853: Now if, upon the sum of $200 being paid to me in the above-mentioned time, I do give a good and warranty deed for the right of way as above described, then this bond to be null and void, otherwise in full force and effect.

"ISRAEL TIFFANY. [L. S.]"

When this bond was offered in evidence the plaintiff objected to the same, upon the grounds: 1. That it purports to run to the commissioners of highways of Ellicott, and commissioners of highways are not authorized to acquire an easement for a highway in the manner provided in this instrument. 2. That commissioners of highways are not authorized to contract for the fee and to take a deed for a highway. These objections were overruled, and plaintiff excepted. The $200 mentioned in the bond was paid to Tiffany by his neighbors, and they opened and worked the road through his land, and it was thereafter used as a public highway; it was embraced in a road district, and kept in repair by the public

authorities down to May, 1867. Tiffany lived upon his farm until his death, in 1863, so far as appears, acquiescing in the use of the road as a public highway. There was conflicting evidence upon the question whether the road was regularly laid out in 1853 by the commissioners of highways of the town of Ellicott. The commissioners of highways were not present during, and had no knowledge of, the negotiations with Tiffany which resulted in the bond, and they never had possession of the bond. In May, 1867, the plaintiff, having succeeded to the rights of Tiffany in the land, moved a building upon this road intending to repair the same there as a dwelling. This building obstructed the public travel, and the defendants, a few days thereafter, being commissioners of highways of the town, and claiming to act as such, summarily removed said building from the road, doing no unnecessary damage thereto.

After the defendants had closed their case, plaintiff moved to strike out of the evidence the bond upon the grounds: 1. That there was no evidence that any deed had been executed according to its terms. 2. That the bond itself cannot operate as a deed to convey title to land. 3. That the bond was never delivered to the commissioners of highways, nor was it ever in their possession; that, on the contrary, it was procured without their consent or knowledge by a few neighbors of Tiffany for their own benefit. 4. For the reasons urged against its introduction as evidence. The motion was denied, and plaintiff excepted.

The judge, among other things, charged the jury that the undisputed evidence gave to the public the right to use the land in question for a highway, and the defendants, as commissioners of highways, had the right, and it was their duty, to remove this obstruction from the highway caused by placing the barn therein.

" That if the disputed land was laid out as a highway, then plaintiff cannot recover, for the defendants had the right, and it was their duty, to remove the barn as an obstruction and nuisance.

" But if the premises in question were devoted by Tiffany under the bond and arrangement I have referred to, but such an arrangement was abandoned, and Tiffany simply gave license to use the land for a highway during the time the plank-road was maintained, then, as the plank-road had ceased to be used, the plaintiff had the right to resume the possession. This depends upon the question whether the arrangement, as evidenced by the bond of October 27, 1853, was entirely abandoned and a simple license given, or dedication limited by the time during which the plank-road should be maintained. If the jury so find, then their verdict must be for the plaintiff.

" If the plaintiff had no right to place the barn there, then the defendants had the right to remove it; and if in so doing they effected the removal in a proper manner, they are not liable."

The plaintiff, by his counsel, excepted to so much of the charge as directs the jury that the bond of October 27th, 1853, contained any arrangement whereby there was acquired any public right over the disputed premises, and that the bond was any evidence of any public right to the premises, and that the undisputed evidence gave the public any such right.

The plaintiff, by his counsel, also excepted to so much of the charge as directs the jury that the defendants had the right, and it was their duty, to remove the obstruction.

The plaintiff requested the court to charge the jury that the commissioners of highways of Ellicott and the public acquired no right to the disputed road under the bond dated October 27, 1853; that the defendants cannot justify their acts as commissioners of highways, or as public officers, in summarily removing the barn as a nuisance; that their remedy, if they had any, was by an indictment; that if the barn was an obstruction in the highway, the defendants, as commissioners of highways, had an ample remedy under the statute; each of which requests the court refused, and the plaintiff duly excepted.

The court propounded to the jury the following questions:

" First. Was the place to which the barn was removed by the plaintiff, and where he left it, a public highway?

" Second. Were the defendants guilty of gross carelessness and negligence in moving the barn, and if so, was the barn damaged by reason of such negligence or carelessness?

" Third. Were the defendants guilty of negligence and carelessness in moving the barn, and was the barn thereby injured ? "

The jury rendered a verdict against the plaintiff of no cause of action. The court then asked the jury how they had answered the interrogatories propounded. They replied that they had answered the *first* in the affirmative, and the second and third in the negative.

*A. Hazeltine, Jr.,* for the appellant. Defendants had no power to remove the barn as an obstruction or a nuisance. (2 Blk. Com., 215; Bac. Ab., Nuisances, D; *Rex* v. *Poppineaux,* 1 Str., 686; *Fineax* v. *Hovender,* Cro. Eliz., 664; *Fowler* v. *Sanders,* Cro. Jac., 446; 4 Black. Com., 167; Comyn's Dig., Lect., 12, 13; id., Prohibition, A, 3; *Dimes* v. *Pently,* 15 Q. B., 274; *Bateman* v. *Bluck,* 18 id., 870; *Mayor, etc.,* v. *Brooke,* 7 id., 339; *Griffith* v. *McCullum,* 46 Barb., 561; *Moody* v. *Bd. Suprs.,* id., 659; *Harrower* v. *Ritson,* 37 id., 301; *Ely* v. *Bd. Suprs.,* 36 N. Y., 29; *Howard* v. *Robbins,* 1 Lans., 63; *Gates* v. *Blencoe,* 2 Dana [Ky.], 158; *Gray* v. *Ayers,* 7 id., 375; *Francis* v. *Schoellkoff,* 53 N. Y., 154; *Hart* v. *Mayor, etc.,* 9 Wend., 571; 2 R. S. [5th ed.], 381, § 1; *Wetmore* v. *Tracey,* 14 Wend., 250.) The public could only acquire the right of a public way in the premises in the manner prescribed by law. (*Presb. Soc.* v. *A. and R. R. R. Co.,* 3 Hill, 567; *Fletcher* v. *A. and Syr. R. R. Co.,* 25 Wend., 462; *Bloodgood* v. *M. and H. R. R. Co.,* 18 id., 1; *Mahon* v. *N. Y. C. R. R. Co.,* 24 N. Y., 658.)

*C. R. Lockwood* for the respondents. The dedication of land for a highway having been made by the owner of the

fee and accepted by the public, cannot be revoked. (*Denning* v. *Rowel*, 6 Wend., 651; *McMannis* v. *Butler*, 51 Barb., 436; *Holden* v. *Trustees, etc.*, 21 N. Y., 476; *People* v. *Pingmah*, 24 id., 560.) The bond given by Tiffany was valid and binding upon him. (*Van Allen* v. *Humphry*, 15 Barb., 557; *Leonard* v. *Smith*, 44 N. Y., 618; *Freeman* v. *Freeman*, 43 id., 34; *Bennett* v. *Abrams*, 41 Barb., 619; 1 Comst., 242; 8 Wend., 480.) It was proper to receive the bond in evidence. (*Hooker* v. *Utica, etc.*, 12 Wend., 371; *Franchot* v. *Leach*, 5 Comst., 506.) Tiffany is bound by his consent to the laying out of the highway. (Thompson on Highways, 82; 29 N. Y., 297.) Defendants had the right, and it was their duty, to remove the obstruction. ·(*Peckham* v. *Henderson*, 27 Barb., 207, 210; *Wetmore* v. *Tracey*, 14 Wend., 250; 3 Com., 215; 4 Black. Com., 167; Thompson on Highways, 65–68, 255; 2 R. S. [5th ed.], 381, § 1; *Harrison* v. *Retson*, 37 Barb., 301; *Howard* v. *Robins*, 1 Lans., 63; *McManus* v. *Butler*, 51 Barb., 463; 11 Wend., 250.)

EARL, C. Upon the trial of this action the defendant claimed that the place from which they removed the building was a public highway by dedication, and also because it was laid out as such by the commissioners of highways in 1853.

Upon the question whether the road was laid out by the highway commissioners, there was conflicting evidence, and the judge submitted that question to the jury, and they may have found that the road was laid out, and we must assume that they did so find in their answer to the first question submitted to them. But their finding may have been based upon the theory of a dedication of the land to the public for a highway, and it may be well to examine whether their finding can be sustained upon that theory. Land may be dedicated to the use of the public for a highway, without any writing; and a dedication once made and accepted cannot be revoked. It rests upon the doctrine of estoppel *in pais*.

The dedication and acceptance may be proved by the acts of the parties, and the circumstances of the case. The owner's acts and declarations should be such as to manifest an intention to abandon or devote his property to the specific public use. In the case of a highway, the public must accept the highway, and before such acceptance the dedication may be revoked. Such acceptance may be proved by long public use, or by the positive acts of the public authorities in recognizing and adopting the highway. No particular length of time is essential to make a dedication valid and irrevocable. The dedication and acceptance may both concur on a single day. All that is needed in any case is room for the estoppel to operate. (*Denning* v. *Roome*, 6 Wend., 651; *Hunter* v. *Trustees of Sandy Hill*, 6 Hill, 407; *Holdane* v. *Trustees of the Village of Cold Spring*, 21 N. Y., 474; *McMannis* v. *Butler*, 51 Barb., 436.)

The facts in this case showing a dedication are quite unequivocal. In 1853, Tiffany owned the land, and his neighbors desired to have a public highway laid through it. They made an arrangement with him to pay him for the necessary land $200, and he agreed to convey the land to the commissioners of highways of the town, and gave his bond running to them to that effect. The bond showed that the land was to be for a public highway, and not merely a way for the benefit of the neighbors who paid for the same. Immediately after this arrangement was made, the neighbors opened and worked the road, and then the highway commissioners placed it in a road district and kept it in repair at the public expense; and down to 1867 the public used it as a public highway, so far as appears, without any objection from any one. All these facts are undisputed, and they show an unequivocal dedication and acceptance.

The bond was competent evidence upon the question of dedication. It may not have been valid, and probably could not have been enforced by the commissioners of highways. It may be that a conveyance could not have been compelled by any one; but it was unnecessary. The dedication could

be by parol, and without any consideration. The fact that the neighbors of Tiffany procured a writing showing the intended dedication, and paid him for the land, are, significant only as they bear upon the question of dedication, and upon that question they, with the subsequent user by the public, and adoption by the public authority, leave no room for doubt.

The judge's charge must be construed with reference to these facts; and upon them he was right in charging the jury that the undisputed evidence gave the public the right.to use the highway.

But there was some disputed evidence in the case that the dedication was intended to be for a limited period; and this evidence was fairly submitted to the jury with instructions of which plaintiff does not complain, and we must assume that they found that there was an unqualified and unlimited dedication.

The *locus in quo* was, therefore, a public highway; and the only other question to be determined is, whether the defendants, as highway commissioners, had the right summarily to remove therefrom the building as an obstruction to public travel. The plaintiff claims that they had no such right. I cannot doubt that this claim is entirely unfounded. The commissioners of highways have, by law, the general care and superintendence of the highways (1 R. S., 502, etc.). It is their duty to see that they are kept in repair, and that all obstructions are removed therefrom. They may sue to recover penalties for obstructions; but this is not their only remedy. If a fence be built across a highway, or material of any kind be placed thereon so as to obstruct public travel, they may summarily remove the same. In no other way can the highway laws be properly administered and public convenience promoted. If a building be placed in a highway, thus entirely obstructing public travel, it would be quite absurd to hold that they must leave it until some individual who is specially injured by the nuisance shall tear it down or remove it. It is their official duty to remove it.

It follows from these views that the order must be affirmed, and the defendants must have judgment upon the verdict, with costs.

All concur.

Order affirmed; judgment accordingly.