# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## September, 1884.

33 301
67 292

PIERRE G. VAN WYCK AND OTHERS, RESPONDENTS, *v.*
NATHANIEL B. LENT AND OTHERS, APPELLANTS.

*Commissioners of highways — right to have obstructions summarily removed.*

Where a building stands in whole or in part upon a public highway and obstructs the travel of the public thereon, the commissioners of highways have power to cause its summary removal, even although there is still room enough left on the highway to enable the public to drive past the buildings with teams without inconvenience or danger.

APPEAL from a judgment of the County Court of Westchester county, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case.

*Francis Larkin*, for the appellants.

*M. L. Cobb*, for the respondents.

DYKMAN, J.:

This action is for trespass on land, and in the complaint the premises are described as commencing at the south-west corner of the upper landing road and Water street, and running westerly along the south side of upper landing road to the Hudson River railroad; thence southerly along the railroad to the land conveyed by Philip G. Van Wyck to Patrick McEntee; thence easterly along the said land conveyed to McEntee to Water street; thence north-

erly along the westerly side of Water street to the upper landing road and place of beginning. The plaintiffs erected a small weigh building on what they claimed to be their lot. The defendants claim that the building was on the street, and that they removed it by direction of the commissioners of highways of the town because it was an encroachment on the street and obstruction to public travel, and so a public nuisance. Two of the defendants were commissioners of highways, and the other defendants acted under their direction and in their assistance in the removal of the building. The cause has been tried and the trial resulted in a verdict and judgment for the plaintiffs from which the defendants have appealed, and also from an order denying a new trial. The trial was in the County Court where the action was commenced. If it shall be found on examination that this building stood in a public highway and so became an obstruction to public travel, there has been a miscarriage of justice and the judgment cannot endure. It was the claim of the plaintiffs that the lot described in his complaint was immediately north of the McEntee lot, and between that and the landing road, and that it was nineteen feet seven inches on Water street, sometimes called in the case River street, measuring from the south-west corner of the brick wall of the McEntee house. The McEntee lot was fifty feet on Water street measuring from a brook north. The brick house had stood on the McEntee lot thirty years, and there was a piazza on the north side six feet wide. The building of the plaintiffs was placed close up to this piazza. As the measurement of the plaintiffs' lot was from the brick wall of the house, this six feet occupied by the piazza belonged to the plaintiffs and was a part of this nineteen feet seven inches. Deducting this six feet left them but thirteen feet seven inches there. The building they put up and which the defendants took down and removed was twenty-four feet north and south, and twelve feet east and west, so that ten feet and five inches of it was on the road, which was there forty-two feet wide as near as can be gathered from the case. This undisputed fact is sufficient to call for a new trial, because when the commissioners of highways found this obstruction to the public travel they had sufficient power to cause its summary removal (*Cook* v. *Harris*, 61 N. Y., 448), and neither they nor those acting in their assistance can be held responsible in damages

for such an exercise of official power. If this structure was placed on the highway so as to obstruct public travel, the commissioners of highways of the town in the discharge of their duty to keep the same in order and remove all obstructions therefrom, might remove the same summarily. But there are other facts making strongly against this action. The McEntee building from the time of its erection was used for a public store and was a place of public resort, and the proof was abundant that all the space in front of that building had been used as a public highway during all that thirty years. Under that user by the public it became a public highway by our statute. This being so, not only a part but the whole of the building erected by the plaintiff was on the public highway. Again the cause was submitted to the jury by the charge of the trial judge, on the theory that the commissioners of highways had no power to tear down the building and abate the public nuisance, provided there was room left to drive past the building with teams without inconvenience or danger. This question was asked by a juror of the judge near the close of the charge. By a juror: "Whether the distance left across the street after the alleged obstruction of twenty-nine feet or thirty-one feet, if the jury are convinced there was room enough to pass, that is all there is about it? By the judge: So I understand the law, that is, without inconvenience or damage. The judge had before that charged as follows: "Now, then, have they" (the defendants) "violated the law, as it has been defined and laid down in the books? I have read the cases bearing upon it and I think they have, but if you find from the facts that there was this opportunity to pass and repass this building without injury or inconvenience to these people, then of course, applying the law as I give it to you, you must find a verdict for the plaintiffs." There were exceptions to this portion of the charge, and they must be allowed, for the charge left the jury to find for the plaintiffs if there was left sufficient space in the road to pass and repass by the public. About this there was no dispute, and the charge was in effect, as applied to the testimony, a direction to find for the plaintiffs. It took from the consideration of the jury the question of the width of the road, for in another place the jury was told as follows: " The plaintiffs admit that this building, when it was erected as they erected it, projected over the line of the high-

way out into the highway from ten to eleven feet or twelve feet — somewhere thereabouts. The defendants claim that the whole building itself, to the whole extent of twenty-four or twenty-six feet, stood upon the highway. Well, now, which one of these is right? I don't know as it is material." Again, it was charged as follows: " Whether it stood wholly upon the highway or only partly upon the highway, as admitted by the plaintiffs, does not seem to me to be the question at issue here, nor the question which is to determine, if I understand the law, your verdict in this case." To these portions of the charge there were also exceptions and they are also erroneous.

What was the width of the public highway at that point, and whether the building demolished was erected entirely within its bounds, as the defendants claimed, were questions of great materiality in the proper determination of this action. But the charge that the commissioners could not summarily abate the nuisance if the public could pass round it is plainly erroneous. The highways of the State are made for and devoted to public travel, and the whole public have the right to their use in their entirety, and when obstructions to public travel are found within their bounds, the commissioners of highways are clothed with power to remove them without waiting for the slow process of law, even though travel be not absolutely and entirely prevented.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.