JOHN PORTER, APPELLANT, *v.* THE VILLAGE OF ATTICA, RESPONDENT.

*Private way in a village — when it will become a highway by long use as such — what evidence will justify a finding of a dedication of a way to, and an acceptance of it by the public.*

From the westerly side of a village street running north and south a way extended westerly for several rods to dwelling houses and a cooper shop. The sidewalk on that side of the street had formerly been constructed of planks which were laid at right angles to the course of the street, except at the place where this way intersected it, and there they were laid lengthwise in the direction in which the sidewalk ran. Subsequently the plank sidewalk was replaced by flagstones, but the planks laid at the place where the sidewalk was intersected by this way were not changed but were raised a little and earth was placed against them on the side of the street so as to render the approach from that side easy. This earth was washed away leaving a hole into which the wheel of a wagon driven by the plaintiff from the cooper shop to the street slipped, whereby he was thrown from the wagon and sustained injuries, to recover damages for which he brought this action. Upon the trial evidence was given tending to show that the way had been used there for forty years; that for many years it led to a tavern which stood there, and that for twenty years or more dwelling houses had been erected there to which the way led.

*Held,* that it was for the jury to say whether the way had become by its long continued use a public highway, or whether there had been any dedication by the owner and acceptance thereof by the public which would render the village liable for neglect to keep it in proper repair, and that it was error for the court to nonsuit the plaintiff.

APPEAL from an order of the Erie Special Term, denying a motion for a new trial made upon a case and exceptions. The plaintiff was nonsuited at the close of his case.

*William S. Oliver*, for the appellant.

*A. J. Lorish*, for the respondent.

BRADLEY, J.:

The action is for personal injuries suffered by the plaintiff which he alleges were occasioned by the negligence of the defendant, which is a municipal corporation charged with the duty of keeping its streets in suitable repair.

Market street, one of the principal ones of the defendant, has a

northerly and southerly direction, and coming into it from the west is a way extending westerly from it several rods to dwelling houses, a cooper's shop, etc., which has been used for many, and the evidence tends to show more than twenty years before the time in question for the purpose of getting to and from the houses and business places there. Along the west side of Market street the defendant has maintained a sidewalk for many years, and at the place of entrance from the street the plank for the walk was laid lengthwise of it, and either way from that were laid crosswise. Sometime before the accident the defendant, for the walk on that side of the street, put down flagging, except that at the place of the approach to and from the street by this way plank lengthwise the walk was continued. The people had been accustomed, as occasioned required, to go with teams and vehicles loaded, and unloaded, from and to the street at this place over this way.

In September, 1879, the plaintiff, with his team to his wagon, drove from Market street at this place into the way, and to the cooper's shop after and obtained a load of barrels, and on his way out as the wagon passed over this walk it was so turned up or over that the plaintiff was thrown out and injured. And this was because there was no suitable approach from the street to the walk to enable loaded wagons to pass with safety from the walk into the street. It appears that some weeks before that time the defendant had raised the walk several inches, and there is evidence tending to show that after doing that the defendant, with earth, so filled in the street, side of the walk, as to make a slope suitable for an approach to this way, but that a few days or a week before the injury that was carried away by water which had so washed out the earth as to make a hole or depression on the street side of and near the walk, into which the wheels of the plaintiff's wagon dropped as they left the plank and caused the jar and tipping of the wagon and thus causing the injury.

The plank so placed there by the defendant were entirely within the boundaries of Market street. The question presented at the trial was, whether this state of facts justified the conclusion that the defendant owed a duty to the public, which required it to maintain any means of approaching from and to Market street for the purposes of travel upon the way referred to. The court held that

this way was a private and not a public one, and that there was no duty on the defendant to construct or maintain an approach from the street to it, and nonsuited the plaintiff.

So far as appears the owners of the premises over which the way passed had never done any formal act by way of dedication to the public further than to leave it open to use as such without interruption, nor had the defendant outside of the boundaries of Market street done any act upon or in reference to it, as that of acceptance of it as a public highway. This alleged defective condition was between the plank-walk and the ditch of the street, and did not impair the use of Market street for the purposes of travel in and along the line of that street, and it may be that for such purpose the defendant was not required to have wrought into suitable condition for travel the entire width within the boundaries of the street, but sufficient only for such use by the public with safety. (*Shepardson* v. *Colerain*, 13 Met., 55 ; *Howard* v. *North Bridgewater*, 16 Pick., 189 ; *Keith* v. *Easton*, 2 Allen, 552 ; *Kellogg* v. *Northampton*, 4 Gray, 65 ; *Smith* v. *Wendell*, 7 Cush., 498 ; *Dickey* v. *Maine Tel. Co.*, 46 Me., 483 ; *Ireland* v. *O. H. and S. P. R. Co.*, 13 N. Y., 531.)

This, however, may not be applicable to the business and thickly settled parts of villages. It is there usual and generally required that the wrought portion for teams and the sidewalk reach to the outer boundaries. There was no liability to owners of premises abutting the streets for injuries to the use of their property occasioned by the legitimate work of improving the streets, whether by cutting down or raising the bed of them. (*Kavanagh* v. *Brooklyn*, 38 Barb., 232 ; *Lynch* v. *Mayor*, 76 N. Y., 60.) So the question here is one relating exclusively to duty to the public  And this as a rule does not necessarily depend upon the fact that a roadway has been lawfully created a public one, so that it could be sustained as such between the constituted authorities and the landowner, but if those charged with the duty of taking care of the streets, have treated it in such manner as to fairly permit the public to understand that a road used as such is a public one, liability may arise by means of the salutary rule in the nature of estoppel for injury occasioned by defective condition, or for negligence. (*Houfe* v. *Fulton*, 34 Wis., 608 ; S. C., 17 Am. R., 463 ; *Sewell* v. *Cohoes*, 75 N. Y., 45, 51, 52.)

While it does not appear that the defendant at any time did any-thing upon this road outside the boundaries of Market street by way of working or improving it, there is evidence to the effect that the village authorities having charge of the streets did, after raising the plank, provide an earth approach from the street and thus facilitate passage from it into the way. Whether that had been done by the defendant prior to that, or whether it was necessary before the walk was raised does not appear, but it may be inferred that until then no necessity existed. The village authorities had for many years distinguished this place of passage from other por-tions of sidewalk by continuing to maintain plank lengthwise the walk there, which adapted it better to purposes of passage over it with teams and wagons than if laid at right angles with the walk as elsewhere. These acts on the part of the defendant were recog-nition of the fact that there was a use to some extent of passage through there and on the way in question. The plank may have been so laid as matter of economy merely, on the part of the defendant, in view of the manner of passage over it, and solely for a walk on Market street. That fact alone is too equivocal to con-stitute the basis of acceptance of the road by the defendant as a public street. There do not appear affirmative acts on the part of the defendant's constituted authorities sufficient to justify the conclu-sion of acceptance of this road as a public one. (*Trustees of Jordan* v. *Otis*, 37 Barb., 50.) The question of dedication is one of intent on the part of the owner. And while to produce it his intent must be evinced by the act of setting the *locus in quo* apart and surrendering it to public use as a highway in such manner as to show unequivocally a purpose to absolutely and irrevocably devote it to such use. (*Niagara Falls S. B. Co.* v. *Bachman*, 66 N. Y., 261.) But both such dedication and acceptance may be inferred from continuous and uninterrupted use by the public for a suffi-cient length of time, say twenty years, as a highway. (*Rugby Charity* v. *Merryweather*, 11 East, 375, note; *Denning* v. *Roome*, 6 Wend., 651; *Pearsall* v. *Post*, 20 id., 116; S. C., 22 id., 450; *Gould* v. *Glass*, 19 Barb., 179, 195; *McMannis* v. *Butler*, 51 id., 436; *Cook* v. *Harris*, 61 N. Y., 448; *Bissell* v. *N. Y. C. R. R. Co.*, 26 Barb., 630.)

The authorities appear not to be entirely harmonious on the sub-

ject of the requirements to produce a public highway by dedication and acceptance, but attention has not been called here to any (presenting the question) holding that both may not be inferred by public uses for such length of time, when no circumstances have intervened indicating limitation of either.

In *Oswego* v. *Oswego. C. Company* (6 N. Y., 257) there had been no public use of the alleged street at the time. in question. In *Holdane* v. *Cold Spring* (21 N. Y., 474; affirming 23 Barb., 103), only about two years had elapsed after the owner had fenced out an avenue partially through his premises. And WRIGHT, J., there says : " It is not necessary that there should be any formal act of acceptance by the public authorities, but it may be indicated by common user under circumstances showing a clear intent to accept and enjoy as such the easement proposed to be dedicated."

In *Clements* v. *West Troy* (10 How., 199) he expresses the same views, disapproves Same Case (16 Barb., 251) and is supported by SMITH, J., in *Bissell* v. *New York Central Railroad Company* (26 Barb., 635), and disapproved in *Jordan* v. *Otis* (37 Barb., 57). In *Niagara Falls S. B. Co.* v. *Bachman* (66 N.Y., 261, 269), that the fact of public user may constitute acceptance without formal action of the constituted authorities is recognized. And such seems to be the better rule. The highways are for the benefit of the public, and when they have by a common user clearly expressed their wants in that respect without violation of any private rights of property and through permission afforded by dedication, this common interest should not be subject to denial by the action or omission to act of a public officer. But if there be no other evidence of dedication on the part of the owner than the mere fact of his acquiescence in the use of the way as a public one, it would seem that twenty years user should be required to ripen into a right. (3 Kent's Com., 451; *Gould* v. *Glass*, 19 Barb., 179.) When the fact of twenty years of such user is found, the importance of the question of dedication and acceptance substantially disappears. The statute declares then that it is a public highway. (1 R. S., 521, § 100; *Devenpeck* v. *Lambert*, 44 Barb., 596.) The right of the plaintiff to recover depends upon the question whether this way could be deemed a public one at the time of the injury, and there seems to have been sufficient evidence to send the case to the jury. There was evidence

tending to prove that a road had been there for some purposes for forty years, and for many years a tavern was there to which it led, and that twenty years or more before the trial some dwelling houses were placed and occupied there, and this was a beaten road. Whether it was for and used by the public as a common way, or as a private way, or by license merely, presents a question for the consideration of the jury. And although it was a *cul de sac* it was capable of being made a highway (*People* v. *Kingman*, 24 N. Y., 559), but the fact that only one end of this way terminated in a highway and was not a thoroughfare, was a circumstance which might bear materially on the question whether it was in fact a highway or used as such; whether the use or the right to use it had been or was a qualified one or to any and what extent limited. And in view of all the circumstances the question is peculiarly one for the jury. The question of dedication and acceptance will, or not, become one of importance as the evidence shall, or not, tend to show some unequivocal action on the part of the owner which may fairly be construed as actual intent on his part to dedicate and surrender this to the public as a highway; then the further question may arise whether or not there was the requisite user for, or otherwise, an acceptance which had the effect to produce a highway before the expiration of twenty years.

For the purposes of the public use of Market street as such merely it does not appear by the evidence to have been out of repair. The injury of plaintiff came from approaching it over this way. And the defendant is not required to provide facilities for owners of abutting premises to go into the street, and inconveniences occasioned to them by proper reparation of the streets are to be removed or reduced to conveniences by the owners themselves. In *Requa* v. *Rochester* (45 N. Y., 129) the alley for which the city failed to provide a proper and safe connection with the street intersected by it, was a public one. That case will be applicable if the way in question is found to be a highway.

In *Burnham* v. *Boston* (10 Allen, 290) the city was liable because it negligently omitted to erect a barrier to protect against an excavation made in a street and which was left so as to expose to danger and injury persons going into and upon the street by a private way quite commonly traveled. That is not applicable to this case.

Here was no excavation made requiring a barrier to protect those on the street, but the sidewalk was merely raised.

The question here therefore is whether the defendant by reason of any duty to the public was required to provide suitable connection between Market street and the road referred to, for the purposes of passage from one to the other. The evidence was not such as to justify the court to hold as matter of law that the plaintiff was chargeable with negligence. The testimony presented a fair question for the jury whether or not he was guilty of contributory negligence under all the circumstances. (*Weed* v. *Ballston Spa*, 76 N. Y., 329; *McGuire* v. *Spence*, 91 id., 303; *Hart* v. *H. R. B. Co.*, 80 id., 622.)

The order appealed from should be reversed and a new trial granted, costs to abide event.

SMITH, P. J., and BARKER, J., concurred; HAIGHT, J., not sitting.

Judgment and order reversed, and new trial ordered, costs to abide the event.