# 𝕮𝖆𝖘𝖊𝖘

---

## EDGAR H. VANDEMARK, Appellant, v. IRA PORTER AND WESTCOTT PORTER, Respondents.

*Highway — what facts show a dedication and acceptance thereof — 1 R. S., 520, sec.
99 — the failure to open and work one part of a highway does not prevent another
part opened from remaining a highway.*

For more than thirty years a road, running from a road known as Hall's road to
the defendant's house, had been opened and worked so as to make it passable
for heavy and light loads, and had been used by such of the public as had
occasion to do so. In 1854 the commissioners of highways made an order
laying out a road from the Seaman road to the Hall road; the defendant's
house was situated on this road, thus laid out, which from the defendant's
house to the Hall road followed the road theretofore used, and this portion of
the road, thus laid out, was opened and was placed in a road district and
worked, the adjoining owners being assessed for the expenses incurred in so
doing, while that portion of the road lying between the defendant's house and
the Seaman road was never opened or used.

*Held,* that these acts showed a dedication of the land, and an acceptance thereof
by the public authorities, sufficient to make the road from the defendant's
house to the Hall road a public highway.

*It seems,* that section 99 of 1 Revised Statutes, 520, providing that every public
highway that shall not be opened and worked within six years from the time
of its being so laid out, shall cease to be a road for any purpose whatever, does
not require the road to be opened and worked throughout, and that a failure
to open and work a portion thereof would not prevent so much thereof as had
been actually opened and worked, placed in a highway district and used by the
public, from remaining a public highway. (Per PARKER, J.)

*Beckwith* v. *Whalen* (70 N. Y., 430).

APPEAL from a judgment in favor of the defendants, entered in Sullivan county on the report of a referee.

The action was originally brought in a Justice's Court, and came into this court on a plea of title. The action was for trespass in cutting timber. The defense was, that the acts complained of were performed by defendants in removing obstructions from a public highway; and the only question in dispute was, whether the *locus in quo* was a public highway. The referee found that the *locus in quo* was and is a public highway; and the defendants had judgment, dismissing the complaint and for costs.

*John G. Gray*, for the appellant.

*R. R. Jelliff*, for the respondents.

PARKER, J.:

Was the *locus in quo* a public highway at the time of the commencement of the action, is the question presented by this appeal.

For more than thirty years there has been in existence the road which the defendants claimed to be a public highway. It extended from what is known as the Hall road to the house of the defendant, a portion thereof being upon the lands of the plaintiff. The road was used to draw logs, lumber, etc., over, and light wagons and sleighs were run over it by persons going to and from the lands of both plaintiff and defendant, and also by themselves.

It is very clear that it was not a good road, but it was passable and witnesses testified that it is equal to the average mountain thoroughfare. In 1854 the majority of the commissioners of highways of the town of Neversink made an order laying out a road from the Seaman road to the Hall road, and while there appears to be some difficulty in locating a road according to the survey, the evidence seems to justify the finding of the referee, that from the house of the defendant to the Hall road, the highway so laid out and surveyed was opened and worked, while from the house of the defendant to the Seaman road it was never opened or worked.

In 1855 the road was placed in a road district by the commissioner of highways and described as District No. 22. Subsequently an overseer was appointed by such district, and the adjoining owners were assessed for highway labor thereon, which practice continued

up to the time of the commencement of this action. The order laying out the highway was regular on its face, but the plaintiff claims that it ceased to be a public road for any purpose whatever, because not opened and worked throughout its entire length within six years from the date of the order. The Revised Statutes provide, among other matters not pertinent here, that every public highway laid out, or thereafter laid out "that shall not have been opened and worked within six years from the time of its being so laid out, and every such highway hereafter to be laid out that shall not be opened and worked within the like period, shall cease to be a road for any purpose whatever." (1 R. S., 520, § 99.) About one-half of the length of the road as laid out was opened and worked so as to become passable for teams, and was placed in a road district, and the owners of adjoining lands have been annually assessed for highway labor thereon. The other half has never been either opened or worked within the meaning of the statute.

*Beckwith et al* v. *Whalen* (70 N. Y., 430) was an action brought by the town of Brighton to compel the adjoining town of Penfield to pay one-half of the expense of building a bridge over a stream dividing such towns. It appeared that while a portion of the road as laid out by the commissioners had been opened and worked, yet that portion of the road which was next to the stream had not been made passable for teams within the time prescribed by statute, and the court held that when the bridge was built there was no lawful highway with which it was connected, but further said : "It is not material to determine whether the road is to be regarded as an entirety, and hence, unless opened and worked throughout, that the whole road would cease, or whether that part which had been opened and worked would remain a highway." It seems to be reasonably clear that the failure to open and work a portion of a highway would not invalidate so much thereof as had been opened and worked in compliance with the statute, subsequently placed in a highway district by the commissioners of highways and thereafter used by the public.

As that question has not been heretofore passed upon, and the Court of Appeals, in the case above cited, left it an open question, it is proper to ascertain whether or not there is any other ground upon which the learned referee was justified in holding that the

premises in question constituted a public highway. The road, as worked and traveled, extends from the Hall road to the Porter House, a distance of a little over three-quarters of a mile, and is, therefore, a *cul de sac.* It is well established that a *cul de sac* may become a public highway by dedication, or by being laid out by commissioners of highways, under the statute. (*The People ex rel. Van Rensselaer* v. *Van Alstyne*, 3 Abb. Ct. of App. Dec., 575; *People ex rel. Williams* v. *Kingman*, 24 N. Y., 559; *Wiggins* v. *Tallmadge*, 11 Barb., 457.)

It being established that a *cul de sac* may become a highway by dedication and acceptance, it requires but a brief examination of the acts of the parties and the public authorities relating to this road to reach a conclusion that a public highway was thus established in this instance. To constitute a public highway by dedication there must be an unequivocal act of dedication and an acceptance by the public authorities. (*Wiggins* v. *Tallmadge*, 11 Barb., 457; *Trustees of Jordan* v. *Otis*, 37 id., 50; *Chapman* v. *Swan*, 65 id., 210.) It is not essential that the dedication be in writing; it may be done by an act *in pais* as well as by deed. (Thomp. on Highways, 53; *Marble* v. *Whitney*, 28 N. Y., 297.)

Over ten years before the making of the order, and which was made in 1854, the owners of the premises through which this road runs opened the road from the Hall road to the Porter place where it is now located, worked it so as to make it passable for heavy and light loads, and thereafter they and such of the public as had occasion to do so used it. In 1854 the occupants of the premises acquiesced in the action of the commissioners in laying out and recording the road as a public highway. After 1854 it was placed in a road district, highway labor assessed thereon, and one of the owners was for many years overseer of the road district. These acts on the part of the owners demonstrate conclusively an intent to dedicate the lands to the public for the purposes of a highway. An acceptance of the highway by the public may be by long public use or by the positive acts of the public authorities in recognizing and adopting the highway. (*Cook* v. *Harris*, 61 N. Y., 448.) In the same case it is held that the dedication and acceptance may both occur on a single day.

In this case, after the road had been opened, worked and used for a period of ten years, the commissioners of highways made the

order laying out and recording a highway. True, they extended the road about three-quarters of a mile, but the order, beyond question, was an acceptance by the public authorities of the road already dedicated to the public. Subsequently the commissioners districted the road and assessed highway labor thereon, and appointed an overseer for said district each year, down to the time of the commencement of this action. Under all of the authorities here was clearly an acceptance by the public authorities. There was no act which the statute authorizes which was left undone in this case. Even though the commissioners of highways had taken no action in the matter, still an acceptance by the public is made out. A user by the public for more than twenty years constitutes an acceptance and establishes a highway. (2 R. S. [7th ed.], 1249, § 100; *Wiggins* v. *Tallmadge*, 11 Barb., 457.) Beyond dispute this road has been used by the public for a much longer period than twenty years. It follows that the referee was right in holding that the *locus in quo* is a public highway.

The judgment should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.