### DICKSON *v.* VALENTINE *et al.*

(*Superior Court of New York City, General Term.* June 28, 1889.)

USURY—EQUITABLE REMEDIES.
> The right of the transferee of property pledged as security for a usurious note to bring an action to have the note canceled and the security returned, is expressly given by Code Civil Proc. N. Y. § 1911, and it is error to dismiss an action brought for that purpose on the ground that there is an adequate remedy at law.

Appeal from special term.
Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.
*James W. Purdy, Jr.*, for appellant. *Edward F. Brown*, for respondents.

FREEDMAN, J. This action is brought by the plaintiff, as assignee of the collateral which the maker of a usurious note (also assigned) gave with the note, to procure a delivery of the note and of the collateral to himself upon

payment of the amount that was advanced on the note and the collateral by the present holder. The collateral consists of 5,700 shares of the capital stock of the Walnut Grove Water Storage Company. The complaint seeks equitable relief, and the joint demurrer of the present defendants is upon the ground that the complaint upon its face does not state facts sufficient to constitute a cause of action. The demurrer was sustained upon the ground that the plaintiff has an adequate remedy at law, namely, that he has a defense at law to any action that may be brought on the note, and that he can recover the value of the collateral in an action of trover or for a conversion. In coming to this conclusion the learned judge below overlooked the fact that the right of action claimed by the complaint is expressly given by section 1911 of the Code of Civil Procedure, and that even before that the action was maintainable on equitable principles generally. In his note to that section Mr. Throop shows that the section establishes the rule in the special case of an equitable action to obtain relief against a usurious security, in substantial accordance with the rulings and principles laid down in *Post* v. *Bank*, 7 Hill, 391; *Boughton* v. *Smith*, 26 Barb. 635; *Carow* v. *Kelly*, 59 Barb. 239; *Bissell* v. *Kellogg*, 60 Barb. 617; *Schermerhorn* v. *Talman*, 14 N. Y. 93; *Bullard* v. *Raynor*, 30 N. Y. 197: *Freeman* v. *Auld*, 44 N. Y. 50; *Tiedemann* v. *Ackerman*, 16 Hun, 307; *Wheelock* v. *Lee*, 64 N. Y. 242, and various other cases. Plaintiff is not bound to proceed at law. He has a right to ask that this particular stock be returned to him. He does not want damages. Asking for the cancellation of the note is a mere incident to the real relief he wants. He may care naught for the possession of the note, but he wants this particular stock. The value of said stock may be quite small to-day, but its prospective value to him may be very great. As the demurrer is a joint one, no discrimination requires to be made between the demurring defendants. A tender of the amount is not necessary to sustain the action. The offer in the complaint to pay is quite sufficient. The judgments and order should be reversed, with costs, and the plaintiff should have judgment ordered in his favor upon the demurrer, with costs, with leave to the defendants to withdraw the demurrer, and to answer on payment of both bills of costs.

Truax, J., concurs in reversing the judgments and orders, with costs. He is also of the opinion that plaintiff should have judgment ordered in his favor upon the demurrer, with costs, with leave to the defendants to withdraw demurrer and answer upon payment of both bills of costs.

Sedgwick, C. J. The action is by the transferee of a borrower in a loan, averred by the complaint to have been usurious, and an assignee of a certificate of shares of certain stock which had been pledged by the borrower. The plaintiff, as transferee of the shares from the borrower, and of the right to cancel the act by which the security was given, brings the action to cancel, and for a delivery to him of the certificates, offering in the complaint to pay, on such delivery, the amount of the note given by the borrower. The objection to this complaint is that the plaintiff could recover at law what he seeks, and therefore that an action in equity, which the respondent claims this to be, does not lie. The objection is not sound. An action at law does not lie to cancel a transaction. In equity, in cases like the present, it does lie, and the recovery of the thing given in security is subordinate and accessorial to the principal relief. Nor does an action at law lie for the recovery of the thing pledged without the alternative of damages, if it be not delivered. In equity that specific relief may be given in a proper case, and then the delivery is enforced by proceedings for contempt. In my judgment the demurrer to the complaint should have been overruled, with leave, upon payment of costs, to withdraw the demurrer, and answer over. Judgment and

order reversed, with costs, and judgment for plaintiff on the demurrer, with leave to defendant to withdraw demurrer, and to answer upon payment of the costs of the demurrer.