■ GEORGE BAIER et al., Appellants, v TOWN OF ELLERY et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: In 1990, the Town of Ellery amended its zoning ordinance to reduce the minimum lot size requirement in the Warner Bay area from 20,000 to 10,000 square feet. Plaintiffs, residents of the district affected by the rezoning, sought judgment declaring the amendment invalid and a preliminary injunction preventing defendants from zoning or developing property in a manner inconsistent with the express purpose of the Town's Comprehensive Plan.

Supreme Court properly denied relief to plaintiffs. The legislative determination that the amendment was necessary to reflect more accurately existing conditions and established lot sizes in Warner Bay is entitled to a strong presumption of validity *(see, Pyne v Knaisch,* 159 AD2d 999, 1000; *Albright v Town of Manlius,* 34 AD2d 419, 422). The record establishes that the rezoning was consistent with a comprehensive plan *(see,* Town Law § 263; *Asian Ams. for Equality v Koch,* 72 NY2d 121, 131) and that the amendment was enacted for the benefit of the whole community *(see, Kravetz v Plenge,* 84 AD2d 422, 429).

Supreme Court erred, however, in granting summary judgment to defendants dismissing the complaint rather than declaring the rights of the parties *(see, St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317,

325; *Medical World Publ. Co. v Kaufman,* 29 AD2d 859). The order is modified to deny defendants' motion for summary judgment and to declare that section 401.1 of the Town of Ellery Zoning Law is valid. (Appeal from Order of Supreme Court, Chautauqua County, Ricotta, J.—Declaratory Judgment.) Present—Callahan, J. P., Green, Balio, Lawton and Fallon, JJ.