■ In the Matter of CHEETA M. LAZORE, Appellant, v BOARD OF TRUSTEES OF THE VILLAGE OF MASSENA, Respondent. [594 NYS2d 400] —Harvey, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered August 13, 1991 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent rezoning a parcel of real property.

On July 21, 1950, the Village of Massena in St. Lawrence

County acquired a 9.2-acre parcel of land bordering the Grasse River. The purpose of the purchase was, *inter alia,* to "provide a site for the erection of a Village Garage; to provide a site for the storage of Village-owned equipment * * * [and] to provide a site for recreational purposes upon that portion not needed for other purposes". On May 7, 1991 respondent approved Local Laws, 1991, No. 3 of the Village of Massena (hereinafter Local Law No. 3), which changed the zoning of the parcel from a residential C and Greenbelt-Preservation district to a commercial auto-related district. Petitioner, a resident and taxpayer of the Village, thereafter commenced this proceeding against respondent in June 1991 requesting that Local Law No. 3 be annulled on various grounds. Respondent answered contending, *inter alia,* that petitioner lacked standing to challenge the law. Supreme Court dismissed the petition on the merits without addressing the standing issue. Petitioner now appeals.

At the outset we must state our conclusion that, although neither party raises this issue, this case should have been brought as a declaratory judgment action rather than as a CPLR article 78 proceeding. This is because petitioner does not challenge the zoning amendment as it applies to her but rather challenges Local Law No. 3 as being inconsistent with Village Law § 6-624. Specifically, petitioner alleges that respondent's action in rezoning was illegal because the parcel is a public park and, therefore, any sale or other disposition thereof must be approved by the State Legislature *(see,* 1984 Opns Atty Gen 93; 1981 Opns Atty Gen 242; *see also,* Village Law § 6-624). Given the nature of this argument, which petitioner has standing to make as a citizen-taxpayer *(see, e.g., Miller v City of New York,* 15 NY2d 34, 36; *Incorporated Vil. of Lloyd Harbor v Town of Huntington,* 4 NY2d 182, 186-187), we deem it appropriate to convert this proceeding to a declaratory judgment action pursuant to CPLR 103 (c) *(see, Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184, 191-192; *Matter of Lund v Town Bd.,* 162 AD2d 798, 800; *see also,* 3 Rathkopf, The Law of Zoning & Planning § 35.01 [4th ed]).

Turning to the merits of petitioner's challenge, we agree with Supreme Court that the evidence does not establish that the subject parcel is park land that cannot be sold or diverted to other uses without specific approval of the Legislature. Certainly, a parcel may become a park either through express provision, such as restrictions in a deed or legislative enactment, or by implied acts, such as a continued use of the parcel as a park or by certain acts of respondent *(see, e.g., Winston v*

*Village of Scarsdale,* 170 AD2d 672, 673, *lv denied* 78 NY2d 855; *Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 152 AD2d 365, 377-378, *affd* 77 NY2d 114; *Village of Croton-On-Hudson v County of Westchester,* 38 AD2d 979, *affd* 30 NY2d 959; *see also,* 1984 Opns Atty Gen 93; 1981 Opns Atty Gen 242; 11A McQuillin, Municipal Corporations §§ 33.46, 33.47, 33.48 [3d ed]). Notably, whether the parcel has become a park under the latter method is a question of fact which is to be determined by all the evidence *(see,* 1984 Opns Atty Gen 93). Here, respondent's acceptance of the disputed parcel in 1950 did not specifically indicate that the parcel was to be used as a park but only states that the parcel is "to provide a site for recreational purposes upon that portion not needed for other purposes". Absent an express designation, the question in this case distills to whether respondent's actions have impliedly dedicated the parcel as a park.

We conclude that they have not. The tax roll does not confirm petitioner's position that the parcel was dedicated as a park because it indicates that the parcel is "exempt-Vill[age] owned material storage".* The Park and Recreation Facility Development Plan prepared by the St. Lawrence-Eastern Ontario Commission and relied upon by petitioner merely lists possible development and was never meant to be binding even though it includes a map of the parcel which describes its use as a park. A memorandum to respondent by the Superintendent of the Massena Joint Recreation Commission states that the plan was not "set in concrete" and would be "flexible enough to add or delete priorities". Additionally, although the parcel was designated part of a Greenbelt-Preservation district, this is not dispositive because the permitted purposes of land within this district include other uses as well as outdoor recreation. Although evidence of adoption of a zoning map listing the parcel as a park would finally decide the issue in petitioner's favor *(see,* Village Law § 7-724), respondent contends that such a map was not adopted by the Village and petitioner offers no proof establishing otherwise. Consequently, given all of the facts and circumstances, including the evidence establishing that the parcel was used for public works storage and snow dumping for some time, we decline to disturb Supreme Court's determination that the parcel was not a park.

---

* Although the numerical code used to describe the parcel is that for "public parks and recreation areas", the Village Assessor explained that no tax code exists for vacant municipal land.

As for petitioner's assertion that Local Law No. 3 was an example of illegal spot rezoning, we are similarly unpersuaded. Petitioner alleged that the rezoning took place solely to benefit a private corporation and to allow a dry cleaning company to establish a hospital laundry service on the parcel. In order to prevail in her spot rezoning argument, petitioner bears the heavy burden of establishing that Local Law No. 3 was not undertaken pursuant to a comprehensive plan. In examining this issue, this Court must determine "whether the original plan required amendment because of the community's change and growth and whether the amendment is calculated to benefit the community as a whole" *(Matter of Schoonmaker Homes—John Steinberg, Inc. v Village of Maybrook,* 178 AD2d 722, 728, *lv denied* 79 NY2d 757; *see, Baier v Town of Ellery,* 182 AD2d 1083; *Matter of New York Archaeological Council v Town Bd.,* 177 AD2d 923, 925; *Kravetz v Plenge,* 84 AD2d 422, 428-430; *see also,* Village Law § 7-704). Notably, a comprehensive plan need not be formally written out and a reviewing court must be concerned with "examining all available and relevant evidence of the municipality's land use policies" *(Asian Ams. for Equality v Koch,* 72 NY2d 121, 131).

Upon examination of the relevant evidence, we conclude that petitioner has not sufficiently demonstrated that Local Law No. 3 is an example of spot rezoning. Significantly, the minutes from respondent's rezoning meeting indicate that respondent was principally interested in providing needed jobs for Village residents, a valid zoning consideration *(see, Matter of New York Archaeological Council v Town Bd., supra,* at 925). The minutes also indicate that the dry cleaning company interested in building on the land did not intend to take the entire parcel; in fact, the company's proposed plan specifically reserved a strip along the river for respondent as part of the Greenbelt-Preservation district. The record also shows that the areas around the subject parcel are classified as mixed residential or commercial business and, therefore, the building of a dry cleaning facility would not clash with the surrounding parcels. Consequently, on the basis of this evidence, we find that petitioner's spot rezoning argument must also fail *(see, Asian Ams. for Equality v Koch, supra,* at 132).

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by converting this proceeding to a declaratory judgment action; it is declared that Local Laws, 1991, No. 3 of the Village of Massena has not been shown to be invalid; and, as so modified, affirmed.