■ RIVERVIEW PARTNERS, L.P., et al., Respondents, v CITY OF PEEKSKILL, Appellant. [710 NYS2d 601] —In an action, *inter alia,* for a judgment declaring that certain property is not a public park, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), dated February 3, 1999, which denied its motion for summary judgment, granted the plaintiffs' motion for summary judgment, and declared that the subject property was not a public park.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and it is declared that the subject property is a public park.

In the absence of a formal dedication of land for public use, an implied dedication may exist when a municipality's acts and declarations manifest a present, fixed, and unequivocal intent to dedicate (*see, Cook v Harris,* 61 NY 448, 454; *Winston v Village of Scarsdale,* 170 AD2d 672, 673; *Village of Croton-On-Hudson v County of Westchester,* 38 AD2d 979, *affd* 30 NY2d 959; *Gerwirtz v City of Long Beach,* 69 Misc 2d 763, 770, *affd* 45 AD2d 841). Once established, the dedication is irrevocable (*see, Cook v Harris, supra,* at 453; *Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 152 AD2d 365, *affd* 77 NY2d 114).

Contrary to the Supreme Court's determination, the defendant established an implied dedication by submission of evidence demonstrating that the subject property was purchased in 1929 for park purposes, was named "Fort Hill Park" on various city maps and on a sign at the park entrance, was used by the public as a park since its purchase, and was maintained

and improved by the defendant for park and historic purposes (*see, Cook v Harris, supra,* at 454; *Village of Croton-On-Hudson v County of Westchester, supra,* at 980; *Gerwirtz v City of Long Beach, supra*). In opposition, the plaintiffs failed to submit sufficient evidence to create an issue of fact regarding the implied dedication. Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.