■ ADAM CLAYTON POWELL, IV, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [924 NYS2d 370]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered January 27, 2010, which granted defendants' motions for summary judgment, denied plaintiffs' cross motion for summary judgment, and declared that neither Asphalt Green nor Bobby Wagner Walk is subject to the public trust doctrine, and therefore, the City of New York is not required to obtain legislative approval before commencing demolition, construction or operation of an access ramp and marine waste transfer station located at East 91st Street in Manhattan, unanimously affirmed, without costs.

In October 2004, the City of New York announced a proposed Comprehensive Solid Waste Management Plan (SWMP), which would include the building of a new solid waste marine transfer station (MTS) on city-owned property at East 91st Street and the East River in Manhattan, the site of a former MTS that was last operated in 1999. The goal of the SWMP is to convert the City's existing MTSs to enable waste to be containerized on site, thereby making the waste suitable for out-of-city barge and rail export.

In this action, plaintiffs seek a judgment declaring that defendants cannot proceed with the construction and operation of the East 91st Street MTS without authorization from the New York State Legislature.* Plaintiffs maintain that because the project will encroach upon alleged parkland for nonpark purposes, the public trust doctrine requires prior legislative approval of the plan. In particular, plaintiffs contend that the demolition and reconstruction of the MTS, including an access ramp leading to it, will constitute alienation of the Asphalt Green sports center and Bobby Wagner Walk, a pedestrian thoroughfare along the East River. According to plaintiffs, Asphalt Green will lose storage area beneath the current access ramp during the construction period, and the construction and operation of the MTS will diminish the public's use and enjoyment of both areas.

Both sides sought summary judgment, and in an order entered January 27, 2010, the motion court granted defendants' motions and denied plaintiffs' cross motion. The court concluded that neither Asphalt Green nor Bobby Wagner Walk is a dedicated parkland subject to the public trust doctrine. Alternatively, the court found that even if the areas were parklands, the City's plan would not result in a substantial intrusion on the lands so as to implicate the public trust doctrine. Accordingly, the court declared that the City was not required to obtain legislative approval before commencing demolition, construction or operation of the MTS and access ramp. We now affirm.

Under the public trust doctrine, state legislative approval is required before parkland can be alienated or used for an

---

* This Court previously affirmed a judgment dismissing a separate CPLR article 78 proceeding brought by a community group challenging the City's plan to build the East 91st Street MTS (*Association for Community Reform Now ["ACORN"] v Bloomberg*, 52 AD3d 426 [2008], *lv denied* 11 NY3d 707 [2008]). We rejected various challenges to the project and found that the proposed MTS would not cause any significant changes to the existing land uses or overall character of the neighborhood (*id.* at 427).

extended period for nonpark purposes (*Friends of Van Cortlandt Park v City of New York*, 95 NY2d 623, 630 [2001]). A parcel of land may constitute a park either expressly, such as by deed or legislative enactment, or by implication, such as by a continuous use of the parcel as a public park (*Matter of Angiolillo v Town of Greenburgh*, 290 AD2d 1, 10-11 [2001], *lv denied* 98 NY2d 602 [2002]; *Matter of Lazore v Board of Trustees of Vil. of Massena*, 191 AD2d 764, 765 [1993]). Such an implied dedication may exist "when a municipality's acts and declarations manifest a present, fixed, and unequivocal intent to dedicate" (*Riverview Partners v City of Peekskill*, 273 AD2d 455, 455 [2000]).

The motion court properly concluded that Asphalt Green and Bobby Wagner Walk do not constitute parkland subject to the public trust doctrine. Neither area has ever been mapped or expressly dedicated as a public park. Nor are these properties parks dedicated by implication. Asphalt Green was not acquired by the City for park purposes. Indeed, a 1989 assignment of a part of Asphalt Green to the Department of Parks includes a condition that the land not be formally "mapped" as parkland, which shows an unambiguous intent that the site not be dedicated as a public park. Moreover, Asphalt Green is operated by a non-city entity and the public's access is restricted 70% of the time to those who pay substantial membership fees. As for Bobby Wagner Walk, the Department of Transportation owns the property, and it functions primarily as a thoroughfare, which distinguishes it from a park. Thus, plaintiffs cannot establish an unequivocal intent to dedicate these areas as public parkland.

Even if the subject properties could be considered parks, the reconstruction of the access ramp and MTS would not result in a "substantial intrusion on parkland for non-park purposes" (*Friends of Van Cortlandt Park*, 95 NY2d at 630). Neither the temporary loss of some storage space under the existing access ramp nor the minimal encroachment onto the subject properties will substantially interfere with access to or use of the facilities. Furthermore, the construction is scheduled to mostly occur at night and last only 22 to 24 months overall, with only 11 months needed for demolition and reconstruction of the access ramp.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Moskowitz, Richter and Manzanet-Daniels, JJ.

