■ In the Matter of GARY LEVINE, Appellant, v VILLAGE OF ISLAND PARK BOARD OF ZONING APPEALS et al., Respondents, et al., Respondent. [944 NYS2d 270]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Village of Island Park Board of Zoning Appeals dated February 17, 2009, which granted the application of Joseph Balabanick for certain area variances, and action for a judgment declaring, inter alia, that a resolution of the Island Park Village Board of Trustees dated August 16, 2007, approving the conveyance of a certain parcel of real property without the approval of the New York State Legislature is null and void and of no effect since the real property had been expressly or impliedly dedicated as parkland, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Winslow, J.), entered July 19, 2010, which, in effect, denied his motion for summary judgment, denied the petition, in effect, searched the record and awarded summary judgment to the Village of Island Park and the Village of Island Park Board of Trustees dismissing the second cause of action, which was for declaratory relief, and dismissed the hybrid proceeding and action.

Ordered that the order and judgment is modified, on the law,

by (1) deleting the provision thereof upon, in effect, searching the record, awarding summary judgment to the Village of Island Park and Village of Island Park Board of Trustees dismissing the second cause of action, which was for declaratory relief, and substituting therefor a provision upon, in effect, searching the record, awarding summary judgment to the Village of Island Park and Village of Island Park Board of Trustees declaring that the resolution of the Island Park Village Board of Trustees dated August 16, 2007, approving the conveyance of a certain parcel of real property without the approval of the New York State Legislature is valid, that the subject parcel was not impliedly dedicated as parkland, and that, therefore, the approval of the New York State Legislature is not necessary to the conveyance of the real property, and (2) by deleting the provision thereof dismissing the second cause of action, which was for declaratory relief, and substituting therefor a provision declaring that the resolution of the Island Park Village Board of Trustees dated August 16, 2007, approving the conveyance of a certain parcel of real property without the approval of the New York State Legislature is valid, that the subject parcel was not impliedly dedicated as parkland, and that, therefore, the approval of the New York State Legislature is not necessary to the conveyance of the real property; as so modified, the order and judgment is affirmed, with one bill of costs payable to the Village of Island Park Board of Zoning Appeals and Island Park Village Board of Trustees.

The petitioner/plaintiff (hereinafter the petitioner) owns a home adjacent to waterfront property owned by the Village of Island Park (hereinafter the property). In August 2007, after conducting a title search with respect to the property and determining that it was surplus property unused by the public, the Village of Island Park Board of Trustees (hereinafter the Board) adopted a resolution approving the sale of the property to Joseph Balabanick, the president of Banick Construction, Inc. Balabanick filed an application for certain area variances to enable him to construct a single-family home on the property. In February 2009, after a public hearing, the Village of Island Park Board of Zoning Appeals (hereinafter the BZA) granted Balabanick's application for area variances.

The petitioner commenced this hybrid CPLR article 78 proceeding and declaratory judgment action, inter alia, to review the BZA's determination granting the variance application and for a judgment declaring, inter alia, that the Board's resolution approving the sale of the property without the approval of the New York State Legislature is null and void and of no effect.

The petitioner asserted, among other things, that the property had been impliedly dedicated as parkland which, under the public trust doctrine, could not be sold or alienated without legislative authorization. The Supreme Court, in effect, denied the petitioner's motion for summary judgment, denied the petition, in effect, searched the record and awarded summary judgment to the Village and the BZA dismissing the declaratory judgment cause of action, and dismissed the hybrid proceeding and action, determining that the property was not a park and could, therefore, be freely alienated by the Village. The Supreme Court further determined that the BZA's determination to grant Balabanick's application for area variances was not arbitrary and capricious or irrational. The petitioner appeals.

With regard to the merits of the declaratory judgment cause of action, parkland is inalienable, is held in trust for the public, and may not be sold without the express approval of the Legislature (see Friends of Van Cortlandt Park v City of New York, 95 NY2d 623, 630 [2001]; Powell v City of New York, 85 AD3d 429, 430-431 [2011]; Matter of Angiolillo v Town of Greenburgh, 290 AD2d 1, 10 [2001]). A parcel of land may become a park either expressly, such as by restrictions in a deed or legislative enactment, or by implication, such as by a continuous use of the parcel as a public park (see Powell v City of New York, 85 AD3d at 431; Matter of Angiolillo v Town of Greenburgh, 290 AD2d at 10-11; Matter of Lazore v Board of Trustees of Vil. of Massena, 191 AD2d 764, 765 [1993]). Whether a parcel has become a park by implication is a question of fact which must be determined by such evidence as the owner's acts and declarations, and the circumstances surrounding the use of the land (see Powell v City of New York, 85 AD3d at 431; Matter of Angiolillo v Town of Greenburgh, 290 AD2d at 11; Riverview Partners v City of Peekskill, 273 AD2d 455, 455 [2000]). The burden of proof rests on the party asserting that the land has been dedicated for public use (see Matter of Angiolillo v Town of Greenburgh, 290 AD2d at 11; Winston v Village of Scarsdale, 170 AD2d 672, 673 [1991]). Here, the petitioner failed to establish, prima facie, that the property has been dedicated as a park, either expressly or by implication. Accordingly, the Supreme Court properly denied the petitioner's motion for summary judgment on the declaratory judgment cause of action. Moreover, since the record reflects that the property was never dedicated as a park, the Supreme Court properly, in effect, searched the record and awarded summary judgment to the Village and the Board in connection with that cause of action, and we modify the order and judgment to properly reflect the declaration that should have been made.

Additionally, the Supreme Court correctly concluded that the BZA's determination granting the application for area variances was not illegal, had a rational basis, and was not arbitrary and capricious (*see* Village Law § 7-712-b [3] [b]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *Matter of Monroe Beach, Inc. v Zoning Bd. of Appeals of City of Long Beach, N.Y.*, 71 AD3d 1150, 1150 [2010]). The BZA properly considered the statutory factors, engaged in the required balancing test, and considered the relevant factors. Accordingly, the Supreme Court properly denied the petition pursuant to CPLR article 78, and dismissed the proceeding. Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur.