**28** In the Matter of DEBORAH GLICK et al., Respondents-Appellants, v ROSE HARVEY et al., Respondents, VERONICA M. WHITE et al., Appellants-Respondents. NEW YORK UNIVERSITY, Third-Party Appellant-Respondent. [994 NYS2d 113]—

Order and judgment (one paper), Supreme Court, New York County (Donna M. Mills, J.), entered January 10, 2014, to the extent appealed from as limited by the briefs, granting the amended petition's first cause of action to the extent of declaring that the City respondents had alienated public parkland

without approval by the New York State Legislature in violation of the Public Trust Doctrine, and enjoining respondent New York University (NYU) from beginning any construction, in connection with the expansion project at issue, that will result in any alienation of the three parcels found by the court to be public parkland, unless and until the state legislature authorizes the alienation of any parkland to be impacted by the project, and granted so much of the cross motions of the City respondents and NYU as sought dismissal of the causes of action alleging violations of the New York State Environmental Quality Review Act (SEQRA) and the New York City Uniform Land Use Review Procedure (ULURP), unanimously modified, on the law, to grant the cross motions to dismiss the first cause of action, vacate the declaratory and injunctive relief, deny the petition, and dismiss the proceeding brought pursuant to CPLR article 78, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Where, as here, there is no formal dedication of land for public use, an implied dedication may exist when the municipality's acts and declarations manifest a present, fixed, and unequivocal intent to dedicate (*Riverview Partners v City of Peekskill*, 273 AD2d 455, 455 [2d Dept 2000]; *see also Powell v City of New York*, 85 AD3d 429, 431 [1st Dept 2011], *lv denied* 17 NY3d 715 [2011]). In determining whether a parcel has become a park by implication, a court should consider the owner's acts and declarations and the circumstances surrounding the use of the land (*see Matter of Angiolillo v Town of Greenburgh*, 290 AD2d 1, 11 [2d Dept 2001], *lv denied* 98 NY2d 602 [2002]). The burden of proof rests on the party asserting that the land has been dedicated for public use (*id.*).

Here, petitioners have failed to meet their burden of showing that the City's acts and declarations manifested a present, fixed, and unequivocal intent to dedicate any of the parcels at issue as public parkland. While the City has allowed for the long-term continuous use of parts of the parcels for park-like purposes, such use was not exclusive, as some of the parcels (like LaGuardia Park) have also been used as pedestrian thoroughfares (*see Powell*, 85 AD3d at 431). Further, any management of the parcels by the Department of Parks and Recreation was understood to be temporary and provisional, pursuant to revocable permits or licenses (*see id.*). Moreover, the parcels have been mapped as streets since they were acquired by the City, and the City has refused various requests to have the streets de-mapped and re-dedicated as parkland (*see id.*).

The court correctly found that the project-approval process

complied with ULURP and SEQRA. There is no basis to conclude that the City respondents blocked open debate about the project or refused to adequately scrutinize NYU's purported need for more faculty housing. Further, the court correctly concluded that there was no need to restart the ULURP process to review modifications reducing the project's size and scale (*see Matter of Windsor Owners Corp. v City Council of City of N.Y.*, 23 Misc 3d 490, 501-502 [Sup Ct, NY County 2009]). Nor was it necessary for the Final Environmental Impact Statement to consider the environmental impacts of locating the project in a different neighborhood, as the purpose of the project is for NYU to expand its facilities in the Washington Square Area (*see Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]).

We have considered petitioners' remaining arguments for affirmative relief and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias and Clark, JJ. ■