[36 NE3d 640, 15 NYS3d 733]

In the Matter of DEBORAH GLICK et al., Appellants, v ROSE HARVEY, as Acting Commissioner of the New York State Office of Parks, Recreation and Historic Preservation, et al., Respondents. NEW YORK UNIVERSITY, Third-Party Respondent.

Argued June 2, 2015; decided June 30, 2015

**APPEARANCES OF COUNSEL**

*Gibson, Dunn & Crutcher LLP*, New York City (*Caitlin J. Halligan, Randy M. Mastro, Indraneel Sur, Gabriel K. Gillett, Sarah Vacchiano* and *Laura F. Corbin* of counsel), for appellants.

*Zachary W. Carter, Corporation Counsel*, New York City (*Michael J. Pastor, Richard Dearing, Chris Reo* and *Elizabeth Harris* of counsel), for respondents.

*Wilmer Cutler Pickering Hale and Dorr LLP*, Washington, D.C. (*Seth P. Waxman*, of the District of Columbia bar, admitted pro hac vice, *Kelly P. Dunbar, Albinas J. Prizgintas*, of the District of Columbia bar, admitted pro hac vice, and *Adam I. Klein* of counsel), *Wilmer Cutler Pickering Hale and Dorr LLP*, New York City (*Alan E. Schoenfeld* of counsel), *Bryan Cave LLP*, New York City (*Philip E. Karmel* of counsel), and *Cooley*

*LLP*, New York City (*Alan Levine, Celia Goldwag Barenholtz* and *Michael Blasie* of counsel), for third-party respondent.

*Lawrence B. Goldberg, P.C.*, New York City (*Lawrence B. Goldberg* of counsel), for Friends of LaGuardia Place, Inc. and others, amici curiae.

*Albert K. Butzel Law Offices*, New York City (*Albert K. Butzel* of counsel), for Michael C. Blumm and others, amici curiae.

*Holwell Shuster & Goldberg LLP*, New York City (*Richard J. Holwell, Daniel M. Sullivan* and *Andrew B. Breidenbach* of counsel), for New York Civic, amicus curiae.

*Weil, Gotshal & Manges LLP*, New York City (*Gregory Silbert* and *Adam B. Banks* of counsel), for New York State Legislators, amici curiae.

*Proskauer Rose LLP*, New York City (*Charles S. Sims* and *Celia V. Cohen* of counsel), for New Yorkers for Parks and others, amici curiae.

*Wade Beltramo, General Counsel, New York State Conference of Mayors and Municipal Officials*, Albany, and *The Association of Towns of the State of New York*, Albany (*Sarah Brancatella* of counsel), for New York State Conference of Mayors and Municipal Officials and others, amici curiae.

*Derohannesian & Derohannesian*, Albany (*Paul Derohannesian II* of counsel), for Sierra Club, amicus curiae.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

The issue before us is whether four parcels of municipal land in the Greenwich Village area of New York City near the campus of New York University (NYU) were impliedly dedicated as public parkland and therefore fall under the protection of the public trust doctrine, which requires approval of the state legislature before the land can be alienated (*see Union Sq. Park Community Coalition, Inc. v New York City Dept. of Parks & Recreation*, 22 NY3d 648, 654 [2014]; *Friends of Van Cortlandt Park v City of New York*, 95 NY2d 623, 630 [2001]). We conclude that petitioners have failed to meet their burden of demonstrating the requisite implied dedication.

In July 2012, the New York City Council approved NYU's plan to expand its campus. The project involves demapping certain areas currently designated as streets on City maps and

using them, either permanently or for some part of 20 years, in connection with construction of new buildings. The four disputed parcels, which are Mercer Playground, LaGuardia Park, LaGuardia Corner Gardens, and the Mercer-Houston Dog Run, feature open space that has been available to the public for years. Two of the parcels (Mercer Playground and LaGuardia Park) will be inaccessible during construction and have been approved for later dedication as parkland, subject to perpetual easements granted to NYU for utilities and access. LaGuardia Corner Gardens will be affected during construction as well as by shadows that will result from a building being constructed as part of the project. The Dog Run will be moved to a nearby space.

Mercer Playground, which opened in 1999, is a paved children's skating and biking park. The New York City Department of Parks and Recreation (DPR) developed the playground under a New York City Department of Transportation (DOT) permit "for the temporary use and occupation of the . . . property . . . for playground or park purposes." The letter of approval for the permit stated that "[i]t is expressly understood that in the event that [the] DOT requires the occupied property in order to perform capital construction work, [the] DPR shall vacate it and return it to [the] DOT so that such work can take place." The DPR spent City funds to improve the playground and marked it with DPR signage.

LaGuardia Park sits next to LaGuardia Place and has paved walkways, greenery and a privately-funded statue of former Mayor LaGuardia. Pursuant to the City's Greenstreet program undertaken in partnership between the DPR and the DOT, the City developed a toddler's playground called Adrienne's Garden on this parcel. Like other Greenstreet sites, this development was subject to a memorandum of understanding declaring that it "will always remain as DOT jurisdictional propert[y], available for DOT purposes and uses as needed." And, in participating in the Greenstreet program, the DPR and the DOT acknowledged that Greenstreet sites such as LaGuardia Park "are not intended to be formal or implied dedicated parklands."

As for LaGuardia Corner Gardens, volunteers for the nonprofit entity LaGuardia Corner Gardens, Inc. (LGCG), tend to that parcel. Since 1981, the Gardens have been part of the DPR-administered GreenThumb gardens program, and the DPR erected signs there bearing the DPR insignia. At first, the DOT leased the Gardens to LGCG "on a yearly basis, . . . re-

newable only upon consent from the [DOT]" but it later merely licensed the gardens for LGCG's occupancy "on an interim basis, pending the future development or other use of the [p]remises." Finally, the Mercer-Houston Dog Run is a fenced-in area that was constructed by NYU in 1979. Since 1981, a non-profit corporation has operated the Dog Run and granted access only to paying members. The DPR is not involved with the Dog Run.

After the City Council's approval of NYU's plan, various individual and institutional opponents of the plan (petitioners) commenced this CPLR article 78 proceeding/declaratory judgment action against the City as well as some of its agencies and officials (the City respondents). Petitioners sought an injunction of the City's planned transfer of the parcels and a declaration that the City respondents had unlawfully alienated impliedly dedicated public parkland in violation of the public trust doctrine. The City respondents answered and separately cross-moved to dismiss the amended article 78 petition. NYU also answered and cross-moved to dismiss.

Supreme Court, in pertinent part, denied the cross motions as to petitioners' first cause of action, declared that the City respondents had illegally alienated all parcels except for the Mercer-Houston Dog Run, and enjoined NYU from starting construction on any of the remaining three parcels without legislative authorization. Supreme Court concluded that, because petitioners had shown the public's acceptance of those three parcels as parkland and the City's intent to dedicate them as such, the petitioners had demonstrated the City's implied dedication of the parcels as public parkland and that its subsequent alienation of those parcels violated the public trust doctrine.

The Appellate Division modified the judgment on the law, to the extent of granting the cross motions to dismiss petitioners' first cause of action, vacating the declaratory and injunctive relief, denying the petition and dismissing the proceeding, and otherwise affirmed (see 121 AD3d 498, 499 [1st Dept 2014]). The Appellate Division concluded that "petitioners . . . failed to meet their burden of showing that the City's acts and declarations manifested a present, fixed, and unequivocal intent to dedicate any of the parcels at issue as public parkland" (121 AD3d at 499). We now affirm.

In support of their appeal, petitioners again advance their argument that the City's actions manifest its intent to

impliedly dedicate the parcels as parkland. Under the public trust doctrine, a land owner cannot alienate land that has been impliedly dedicated to a public use without obtaining the approval of the legislature (*see Union Sq. Park Community Coalition, Inc. v New York City Dept. of Parks & Recreation*, 22 NY3d 648, 654 [2014]; *Friends of Van Cortlandt Park*, 95 NY2d at 630). A party seeking to establish such an implied dedication and thereby successfully challenge the alienation of the land must show that (1) "[t]he acts and declarations of the land owner indicating the intent to dedicate his land to the public use [are] unmistakable in their purpose and decisive in their character to have the effect of a dedication" and (2) that the public has accepted the land as dedicated to a public use (*Niagara Falls Suspension Bridge Co. v Bachman*, 66 NY 261, 269 [1876]; *see also Holdane v Trustees of Vil. of Cold Spring*, 21 NY 474, 477 [1860] ["The owner's acts and declarations should be deliberate, unequivocal and decisive, manifesting a positive and unmistakable intention to permanently abandon his property to the specific public use"]; *Flack v Village of Green Is.*, 122 NY 107, 113 [1890]; *Powell v City of New York*, 85 AD3d 429, 431 [1st Dept 2011]).

It remains an open question whether the second prong of the implied dedication doctrine applies to a municipal land owner, but we need not and do not resolve that issue on this appeal because we conclude that the City's acts are not an unequivocal manifestation of an intent to dedicate the parcels as permanent parkland. With respect to the element of the owner's intent—the only matter contested in this appeal—if a landowner's acts are "equivocal, or do not clearly and plainly indicate the intention to permanently abandon the property to the use of the public, they are insufficient to establish a case of dedication" (*Holdane*, 21 NY at 477-478).

Here, as the Appellate Division noted, several documents created prior to this litigation demonstrate that the City did not manifest an unequivocal intent to dedicate the contested parcels for use as public parks. The permit, memorandum of understanding and lease/license relating to Mercer Playground, LaGuardia Park and LaGuardia Corner Gardens, respectively, show that "any management of the parcels by the [DPR] was understood to be temporary and provisional" (121 AD3d at 499). Thus, those documents' restrictive terms show that, although the City permitted and encouraged some use of these

three parcels for recreational and park-like purposes,* it had no intention of permanently giving up control of the property. And, as the Appellate Division observed, the City's "refus[al] [of] various requests to have the streets de-mapped and re-dedicated as parkland" (*id.*) further indicates that the City has not unequivocally manifested an intent to dedicate the parcels as parkland.

That a portion of the public may have believed that these parcels are permanent parkland does not warrant a contrary result. Petitioners did not establish the City's unequivocal intent to permanently dedicate this municipal property, as there was evidence that the City intended the uses to be temporary, with the parcels to remain under the City's control for possible alternative future uses.

Chief Judge LIPPMAN and Judges READ, PIGOTT, RIVERA, ABDUS-SALAAM, STEIN and FAHEY concur.

Order affirmed, with costs, in a memorandum.

* While petitioners assert that both the Supreme Court and the Appellate Division erred in holding that the Mercer-Houston Dog Run was not used as parkland, this argument lacks merit.