Matter of Coney Is. Boardwalk Community Gardens v City of New York (2019 NY Slip Op 04162)





Matter of Coney Is. Boardwalk Community Gardens v City of New York


2019 NY Slip Op 04162


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-10136
 (Index No. 6033/14)

[*1]In the Matter of Coney Island Boardwalk Community Gardens, et al., appellants, 
v
City of New York, et al., respondents.


Steptoe & Johnson, LLP, New York, NY (Cecelia L. Fanelli and Seth Korman of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Jeremy W. Shweder of counsel), for respondents City of New York, Bill DeBlasio, Office of Deputy Mayor for Economic Development, Robert K. Steel, City Planning Commission, Carl Weisbrod, City Council of the City of New York, New York City Economic Development Corporation, and New York City Land Development Corporation.
Davidoff Hutcher & Citron, LLP, New York, NY (Howard S. Weiss of counsel), for respondents iStar Financial, Inc., and Coney Island Holdings, LLC.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated April 26, 2016. The order and judgment, insofar as appealed from, granted the motion of the respondents/defendants City of New York, Bill DeBlasio, Office of Deputy Mayor for Economic Development, Robert K. Steel, City Planning Commission, Carl Weisbrod, City Council of the City of New York, New York City Economic Development Corporation, and New York City Land Development Corporation, and the separate motion of the respondents/defendants iStar Financial, Inc., and Coney Island Holdings, LLC, for summary judgment, denied the petitioners/plaintiffs' cross motion for summary judgment, and declared that Brooklyn Block 7071, Lot 142 did not constitute parkland at the time it was alienated for use in connection with the subject amphitheater project, and that the respondent/defendant City of New York did not violate the public trust doctrine.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The respondent/defendant City of New York owns a parcel of real property located along the boardwalk at Coney Island known as Brooklyn Block 7071, Lot 142 (hereinafter Lot 142). The nine public entities named as defendants/respondents (hereinafter collectively the City) or their predecessors allowed Lot 142 to be used as a community garden between 1997 and 2004 pursuant to a series of licenses under the "GreenThumb program." These licenses were terminable at will at the City's sole discretion.
The City first terminated the license for the community garden on Lot 142 in 1999 in connection with a plan to develop the parcel into a parking lot for a nearby minor league baseball stadium. Separate litigation resulted in an order temporarily enjoining the City from interfering with all existing GreenThumb gardens, so the City re-licensed the garden in 2000 and 2003. The City eventually entered into a settlement agreement resolving that matter, in which it was expressly recognized that Lot 142 as a parcel was not dedicated as parkland. In August 2004, the City terminated the license and relocated the Lot 142 garden to a different site following the procedures outlined in the settlement agreement. The City did not, however, convert Lot 142 into a parking lot, as originally contemplated. Instead, the City revamped its vision for the future of the Coney Island boardwalk over the course of the next decade in a series of new strategic and comprehensive plans. In these plans, the City continued to target Lot 142 for development. In the interim, community members revived the garden at Lot 142 without the City's prior permission. The City did not act against the garden until 2013, when it proposed, adopted, and executed a plan to develop Lot 142 and other nearby parcels into an outdoor amphitheater, destroying the unlicensed garden in the process.
In April 2014, the petitioners/plaintiffs (hereinafter the plaintiffs) commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, with the goal of invalidating the City's conversion of Lot 142 into an amphitheater. They sought, among other things, a judgment declaring Lot 142 to be parkland and declaring that the City alienated it without approval from the Legislature in violation of the public trust doctrine. The respondents/defendants iStar Financial, Inc., and Coney Island Holdings, LLC (hereinafter together the private defendants, and collectively with the City, the defendants), and the City separately moved for summary judgment on the cause of action for a declaratory judgment, and the plaintiffs thereafter cross-moved for the same relief. By order dated April 26, 2016, the Supreme Court granted the defendants' motions for summary judgment, denied the plaintiffs' cross motion for summary judgment, declared that Lot 142 did not constitute parkland at the time it was alienated for use in connection with the amphitheater project, and declared that the City did not violate the public trust doctrine. The plaintiffs appeal.
Under the public trust doctrine, a land owner cannot alienate land that has been impliedly dedicated to parkland without obtaining the approval of the legislature (see Matter of Glick v Harvey, 25 NY3d 1175, 1180; Friends of Van Cortlandt Park v City of New York, 95 NY2d 623, 630). A party seeking to establish such an implied dedication to parkland and thereby successfully challenging the alienation of the land must show that (1) "[t]he acts and declarations of the land owner indicating the intent to dedicate his land to the public use [are] unmistakable in their purpose and decisive in their character to have the effect of a dedication and (2) that the public has accepted the land as dedicated to a public use" (Matter of Glick v Harvey, 25 NY3d at 1180 [internal quotation marks omitted]; Niagara Falls Suspension Bridge Co. v Bachman, 66 NY 261, 269). "It remains an open question whether the second prong . . . applies to a municipal land owner" (Matter of Glick v Harvey, 25 NY3d at 1180). Regardless, "[w]hether a parcel has become a park by implication is a question of fact which must be determined by such evidence as the owner's acts and declarations, and the circumstances surrounding the use of the land" (Matter of Levine v Village of Is. Park Bd. of Zoning Appeals, 95 AD3d 1125, 1127; see Matter of Angiolillo v Town of Greenburgh, 290 AD2d 1, 10-11). "[I]f a landowner's acts are equivocal, or do not clearly and plainly indicate the intention to permanently abandon the property to the use of the public, they are insufficient to establish a case of dedication'" (Matter of Glick v Harvey, 25 NY3d at 1180, quoting Holdane v Trustees of Vil. of Cold Spring, 21 NY 474, 478). "The burden of proof rests on the party asserting that the land has been dedicated for public use" (Matter of Levine v Village of Is. Park Bd. of Zoning Appeals, 95 AD3d at 1127; see Matter of Angiolillo v Town of Greenburgh, 290 AD2d at 11).
Here, the defendants submitted evidence showing that the City's actions and declarations did not unequivocally manifest an intent to dedicate Lot 142 as parkland. Their exhibits showed that the City permitted the community garden to exist on a temporary basis as the City moved forward with its plans to develop the parcel. Their exhibits also demonstrated that any management of Lot 142 by the City's Department of Parks and Recreation was understood to be temporary and provisional (see Matter of Glick v Harvey, 25 NY3d at 1180-1181). In response, the plaintiffs failed to raise a triable issue of fact (see id.; Powell v City of New York, 85 AD3d 429, 430-431; Matter of Lazore v Board of Trustees of Vil. of Massena, 191 AD2d 764, 765-766). [*2]Accordingly, we agree with the Supreme Court's determination granting the defendants' motions for summary judgment and denying the plaintiffs' cross motion for summary judgment.
The plaintiffs' remaining contention, that the City improperly withheld discoverable material, is without merit (see Meath v Mishrick, 68 NY2d 992, 994-995; Matuszak v B.R.K. Brands, Inc., 23 AD3d 628, 628).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court