Matter of Clover/Allen's Cr. Neighborhood Assn. LLC v M&F, LLC (2019 NY Slip Op 05280)





Matter of Clover/Allen's Cr. Neighborhood Assn. LLC v M&F, LLC


2019 NY Slip Op 05280


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, AND TROUTMAN, JJ.


286 CA 18-02078

[*1]IN THE MATTER OF CLOVER/ALLEN'S CREEK NEIGHBORHOOD ASSOCIATION LLC, PETITIONER-PLAINTIFF-APPELLANT,
v
M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., COLLECTIVELY DOING BUSINESS AS DANIELE FAMILY COMPANIES, TOWN OF BRIGHTON, TOWN BOARD OF TOWN OF BRIGHTON, COMPRISED OF SUPERVISOR WILLIAM MOEHLE AND MEMBERS JASON S. DIPONZIO, JAMES R. VOGEL, CHRISTOPHER K. WERNER, ROBIN R. WILT, IN THEIR CAPACITIES AS MEMBERS OF THAT BODY, RESPONDENTS-DEFENDANTS-RESPONDENTS, ET AL., RESPONDENTS-DEFENDANTS. 






NIXON PEABODY LLP, ROCHESTER (LAURIE STYKA BLOOM OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT. 
WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, AND MARDANTH ENTERPRISES, INC., COLLECTIVELY DOING BUSINESS AS DANIELE FAMILY COMPANIES.
HARRIS BEACH PLLC, PITTSFORD (JOHN A. MANCUSO OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS TOWN OF BRIGHTON, AND TOWN BOARD OF TOWN OF BRIGHTON, COMPRISED OF SUPERVISOR WILLIAM MOEHLE AND MEMBERS JASON S. DIPONZIO, JAMES R. VOGEL, CHRISTOPHER K. WERNER, ROBIN R. WILT, IN THEIR CAPACITIES AS MEMBERS OF THAT BODY.
HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR FINGER LAKES CONFERENCE, INC., CATSKILL MOUNTAIN CLUB, PARKS AND TRAILS NEW YORK, AND ADIRONDACK MOUNTAIN CLUB, NEW YORK, AMICUS CURIAE. 
THE ZOGHLIN GROUP, PLLC, ROCHESTER (MINDY L. ZOGHLIN OF COUNSEL), FOR BRIGHTON GRASSROOTS, LLC, AMICUS CURIAE. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered July 6, 2018 in a CPLR article 78 proceeding and declaratory judgment action. The order and judgment granted the motions of respondents-defendants-respondents to dismiss the petition-complaint against them and declared that the public trust doctrine is inapplicable to certain easements. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motions in part with respect to the second cause of action and vacating the fifth and sixth decretal paragraphs and as modified the order and judgment is affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner), a limited liability company formed for the purpose of, among other things, protecting the recreational character of the area around Clover Street and Allen's Creek Road in respondent-defendant Town of Brighton (Town), commenced this hybrid CPLR article 78 proceeding and declaratory judgment action against the Town, respondent-defendant Town Board of the Town (Town Board), and respondents-defendants M & F, LLC, Daniele SPC, LLC, Mucca Mucca LLC, and Mardanth Enterprises, Inc., collectively doing business as Daniele Family Companies (collectively, developers), among others. This matter stems from petitioner's opposition to the developers' proposed project to build a 93,000-square-foot commercial plaza in the Town near Clover Street and Allen's Creek Road (project), which purportedly encroaches upon a 10-foot wide strip of land over which the Town has perpetual non-exclusive easements to maintain a pedestrian pathway for public use (Town Easements). As relevant to this appeal, petitioner sought in its second cause of action a judgment declaring that the Town Easements are subject to the public trust doctrine and that the Town cannot convey the easements to the developers until it obtains approval from the New York State Legislature. In its third cause of action, petitioner sought a judgment invalidating the actions of the Town and the Town Board (collectively, Town respondents) concerning the project taken at their meeting on January 24, 2018 based on the Town Board's purported violations of the Open Meetings Law.
After answering, the Town respondents and the developers separately moved to dismiss the petition-complaint against them under, inter alia, CPLR 3211 (a) (1) and (7) and CPLR 7804 (f). Supreme Court granted the motions, dismissed the first, third and fourth causes of action against the developers and the Town respondents (collectively, respondents), and issued a declaration in favor of respondents with respect to the second cause of action. As limited by its brief, petitioner appeals from the order and judgment insofar as it dismissed the third cause of action against respondents and issued a declaration in their favor with respect to the second cause of action.
We agree with petitioner that the court erred in declaring in favor of respondents that the public trust doctrine is inapplicable to the Town Easements, and we therefore modify the order and judgment accordingly. The public trust doctrine provides that dedicated parkland or public use land in New York is "impressed with a public trust, requiring legislative approval before it can be alienated or used for an extended period for non-park [or non-public] purposes" (Friends of Van Cortlandt Park v City of New York, 95 NY2d 623, 630 [2001]; see Matter of Glick v Harvey, 25 NY3d 1175, 1180 [2015]). Contrary to the court's determination and as respondents correctly concede, the application of the public trust doctrine does not depend on whether the municipality holds the property in fee simple or whether the municipality's property interest is subject to the rights of others (see Matter of 10 E. Realty LLC v Incorporated Vil. of Val. Stream, 11 Misc 3d 1074[A], 2006 NY Slip Op 50561[U], *2 [Sup Ct, Nassau County 2006]; see e.g. Matter of Lake George Steamboat Co. v Blais, 30 NY2d 48, 50-52 [1972]; Long Is. Pine Barrens Socy., Inc. v Suffolk County Legislature, 159 AD3d 805, 807 [2d Dept 2018], lv denied 32 NY3d 910 [2018]). Additionally, unlike the property interests involved in the cases relied on by the court, the Town Easements here were perpetual easements granted in favor of the Town and were not subject to a reversionary interest. Thus, the court's reliance on those cases in making its declaration that the public trust doctrine did not apply was misplaced (cf. Matter of Rappaport v Village of Saltaire, 130 AD3d 930, 931-932 [2d Dept 2015], lv denied 26 NY3d 912 [2015]; Grant v Koenig, 39 AD2d 1000, 1000-1001 [3d Dept 1972]; Landmark West! v City of New York, 9 Misc 3d 563, 573 [Sup Ct, NY County 2005]).
Respondents argue that the order and judgment should be affirmed, notwithstanding the court's erroneous rationale (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Menorah Nursing Home v Zukov, 153 AD2d 13, 19-20 [2d Dept 1989]), because petitioner failed to establish that the conveyances of the Town Easements contained either an express or implied dedication of the easement property for public or park use, and thus the court properly determined that the public use doctrine did not apply. We cannot conclude as a matter of law based upon the documentary evidence that the Town Easements were not dedicated parklands under the public trust doctrine.
To establish that property has been dedicated as a park or for public use, formal dedication by the legislature is not required. Rather, "a parcel of property may become a park by express provisions in a deed . . . or by implied acts, such as continued use [by the municipality] [*2]of the parcel as a park" (Matter of Angiolillo v Town of Greenburgh, 290 AD2d 1, 10-11 [2d Dept 2001], lv denied 98 NY2d 602 [2002]). "A party seeking to establish . . . an implied dedication and thereby successfully challenge the alienation of the land must show that (1) [t]he acts and declarations of the land owner indicating the intent to dedicate his [or her] land to the public use [are] unmistakable in their purpose and decisive in their character to have the effect of a dedication and (2) that the public has accepted the land as dedicated to a public use" (Glick, 25 NY3d at 1180 [internal quotation marks omitted]).
Here, petitioner alleged in its petition-complaint that the Town Easements were part of the "Auburn Trail linear park" and that they were parkland for purposes of the public trust doctrine. In support of that part of each motion seeking to dismiss the second cause of action under CPLR 3211 (a) (1), respondents submitted the conveyances that created the Town Easements. Inasmuch as those instruments provided that the Town Easements were to be used as a "pedestrian pathway" for "public use" and required the Town to restore the easement property to "a park like condition" after construction of the pedestrian pathway, respondents' own documentary evidence creates issues of fact whether there was an express or implied dedication of the Town Easements subject to the public trust doctrine. Thus, respondents failed to meet their burden of submitting documentary evidence that conclusively refuted petitioner's allegations (see Bakos v New York Cent. Mut. Fire Ins. Co., 83 AD3d 1485, 1486 [4th Dept 2011]; see also Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182-1183 [4th Dept 2017]). In addition, deeming the material allegations of the petition-complaint to be true, we conclude that "the allegations in the second cause of action presented a justiciable controversy sufficient to invoke the court's power to render a declaratory judgment," and thus respondents were not entitled to dismissal of that cause of action pursuant to CPLR 3211 (a) (7) (Plaza Dr. Group of CNY, LLC v Town of Sennett, 115 AD3d 1165, 1165 [4th Dept 2014]; see County of Monroe v Clough Harbour & Assoc., LLP, 154 AD3d 1281, 1282 [4th Dept 2017]).
Contrary to petitioner's contention, the court properly granted that part of each motion seeking to dismiss the cause of action under the Open Meetings Law (Public Officers Law art 7). That statute provides, as relevant here, that agency records shall be made available to the public "to the extent practicable as determined by the agency or the department, prior to or at the meeting during which the records will be discussed" (Public Officers Law § 103 [e]). Further, "such records shall be posted on the website to the extent practicable as determined by the agency or the department, prior to the meeting" (id.).
Petitioner concedes that the Town respondents posted the relevant agency documents on their website over seven hours prior to the Town Board meeting at which those documents were to be considered, but essentially argues that it was "practicable" for the Town respondents to have posted them sooner. However, the plain language of the statute requires only that the municipality post relevant documents on its website prior to the meeting, if practicable. Inasmuch as the legislature failed to include a specific time period other than prior to the meeting, there is an " irrefutable inference' " that the exclusion of such a specific time period was intended (Village of Webster v Town of Webster, 270 AD2d 910, 912 [4th Dept 2000], lv dismissed in part and denied in part 95 NY2d 901 [2000], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 240; see Pajak v Pajak, 56 NY2d 394, 397 [1982]). "In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add or take away from the meaning" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998] [internal quotation marks omitted]; see People v Hill, 82 AD3d 77, 79 [4th Dept 2011]). Additionally, we note that prior versions of the Open Meetings Law, which required that records that were going to be discussed at an open meeting be posted at least "seventy-two hours prior to the open meeting or as soon as practicable," were rejected (Letter from NY State Off of Temporary and Disability Assistance, August 19, 2011 at 35, Bill Jacket L 2011, ch 603). We therefore disagree with petitioner that the statute requires a municipality to post open meetings documents at a time other than prior to the meeting.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court