Matter of Bronx Council for Envtl. Quality v City of New York (2019 NY Slip Op 08005)





Matter of Bronx Council for Envtl. Quality v City of New York


2019 NY Slip Op 08005


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Webber, Gesmer, Oing, JJ.


10280 100240/18

[*1] In re Bronx Council for Environmental Quality, et al., Petitioners-Appellants,
v
The City of New York, et al., Respondents-Respondents.


Bronx Legal Services, Bronx (Anne Nacinovich of counsel), for appellants.
Georgia M. Pestana, Acting Corporation Counsel, New York (Nwamaka Ejebe of counsel), for respondents.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about July 9, 2018, insofar as appealed from as limited by the briefs, denying the amended petition for a judgment declaring that respondent City of New York's actions in releasing a parcel of land on the Harlem River in the Bronx known as Pier 5 for nonpark use is illegal and that ceding control of public parkland to a private developer without first securing State legislative approval violates the public trust doctrine, and to enjoin respondents from proceeding with the development project without State legislative authorization, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The record demonstrates that Pier 5 was never in "continuous use as a public park or recreational area," and thus was never impliedly dedicated for such use (Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream, 49 AD3d 764, 767 [2d Dept 2008], revd on other grounds 12 NY3d 212 [2009]). To the contrary, the parcel was used for rail and storage for decades until 2006, when it was transferred to the management and jurisdiction of respondent New York City Department of Parks and Recreation (DPR), and it remained fenced-off and closed to the general public for most of the next decade. For most of the final period, from 2014 to 2017, DPR permitted the New York State Department of Transportation to use the parcel for work and equipment storage for a highway rehabilitation project.
While DPR permitted private companies to hold circuses and carnivals at Pier 5 for a few weeks each year from 2010 to 2016 and permitted petitioner Bronx Council for Environmental Quality to use the parcel for an environmental study from June 2013 to August 2014, apparently with some access by the community for educational purposes, these uses comprised only a small fraction of the total use of the parcel (see Matter of Glick v Harvey, 121 AD3d 498 [1st Dept 2014], affd 25 NY3d 1175 [2015]).
The fact that Pier 5 was transferred to DPR's jurisdiction and management does not by itself evince any intention on the City's part to commit the parcel permanently to use as parkland (see Martin v Eagle Hill Found., 111 AD2d 372, 373-374 [2d Dept 1985]). Nor do the facts that the parcel's fencing bore DPR signage and that DPR and other entities at times referred to the [*2]parcel as a park compel the conclusion that Pier 5 became a park by implication (see Hotel Empls. & Rest. Empls. Union, Local 100 of New York, N.Y., & Vicinity, AFL-CIO v City of New York Dept. of Parks & Recreation, 311 F3d 534, 548-549 [2d Cir 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK