Matter of Cannon Point Preserv. Corp. v City N.Y. (2020 NY Slip Op 02727)





Matter of Cannon Point Preserv. Corp. v City N.Y.


2020 NY Slip Op 02727


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


152692/19 11452A 11452

[*1] In re Cannon Point Preservation Corporation, et al., Petitioners-Appellants,
v
The City New York, et al., Respondents-Respondents.


Gibson, Dunn & Crutcher LLP, New York (Jennifer H. Rearden and Randy M. Mastro of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Anna W. Gottlieb of counsel), for municipal respondents.
Letitia James, Attorney General, New York (Ari J. Savitzky of counsel), for State Department of Transportation, respondent.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 10, 2019, dismissing the action, and bringing up for review an order, same court and Justice, entered on or about September 17, 2019, which denied the petition to annul determinations by various agencies, under, among other laws, the New York State Environmental Quality Review Act that the "East Midtown Esplanade Project" would have no significant adverse environmental impact, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court correctly found that petitioners' claims pursuant to the New York State Environmental Quality Review Act (SEQRA) (Environmental Conservation Law § 8-0101 et seq.) are time-barred, since the four-month statute of limitations began to run upon the end of the public comment period following the issuance of the final SEQRA review, years before this proceeding was brought (see Stop-The-Barge v Cahill, 1 NY3d 218 [2003]). It does not avail petitioners to argue that the statute of limitations did not begin to run until the New York City Public Design Commission preliminarily approved the project following its review of design issues (see Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello, 20 AD3d 28, 35-36 [1st Dept 2005]).
The court correctly found that the public trust doctrine is inapplicable, since the site at issue was not impliedly designated parkland. Petitioners point to some evidence that the site was treated as parkland, such as communications by respondent New York City Department of Parks and Recreation referring to the site as a "park," but they failed to meet their burden of showing acts and declarations "unmistakable in their purpose and decisive in their character to have the effect of a dedication" of parkland (Matter of Glick v Harvey, 25 NY3d 1175, 1180 [2015] [internal quotation marks omitted]; see e.g. Matter of Bronx Council for Envtl. Quality v City of New York, 177 AD3d 416 [1st Dept 2019]). Even if the site were designated parkland, legislative approval would not be required, since any parkland would not be alienated by the proposed placement of a pedestrian and bicycle bridge terminating in the site at issue (see e.g. Matter of Friends of Petrosino Sq. v Sadik-Khan, 126 AD3d 470 [1st Dept 2015]). Petitioners' disagreement with respondents' exercise of their broad discretion as to the best alternative use of the site does not establish such alienation (see Union Sq. Park Community Coalition, Inc. v New York City Dept. of Parks & Recreation, 22 NY3d 648, 655 [2014]).
In light of the foregoing, we need not reach the remaining arguments raised on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK