Matter of Flatley v Town of Southold (2026 NY Slip Op 01359)

Matter of Flatley v Town of Southold

2026 NY Slip Op 01359

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-01785
 (Index No. 613977/23)

[*1]In the Matter of Rachel Flatley, et al., appellants,
vTown of Southold, et al., respondents.

Perillo Hill LLP, Sayville, NY (Timothy F. Hill of counsel), for appellants.
Devitt Spellman Barrett, LLP, Hauppauge, NY (Scott J. Kreppein of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Southold dated April 11, 2023, enacting Local Law No. 6-2023 of the Town of Southold and action for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated December 11, 2023. The order and judgment, insofar as appealed from, granted the respondents/defendants' cross-motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint, dismissed the proceeding, and declared that the resolution and Local Law No. 6-2023 of the Town of Southold were duly enacted by a majority vote and Local Law No. 6-2023 of the Town of Southold is not void or invalid as an alienation of public parkland without State legislative approval.
ORDERED that the order and judgment is modified, on the law, by deleting the provisions thereof granting those branches of the respondents/defendants' cross-motion which were pursuant to CPLR 3211(a) and 7804(f) to dismiss the first and third causes of action and so much of the second cause of action as sought to annul the resolution as arbitrary and capricious and in violation of lawful procedure on the ground that the Town Board of the Town of Southold failed to abide by the requirements of Town Law § 265(1)(b) in adopting the resolution, dismissing that portion of the proceeding, and declaring that the resolution and Local Law No. 6-2023 of the Town of Southold were duly enacted by a majority vote and Local Law No. 6-2023 of the Town of Southold is not void or invalid as an alienation of public parkland without State legislative approval, and substituting therefor provisions denying those branches of the cross-motion; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, that portion of the proceeding is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the first and third causes of action and so much of the second cause of action as sought to annul the resolution as arbitrary and capricious and in violation of lawful procedure on the ground that the Town Board of the Town of Southold failed to abide by the requirements of Town Law § 265(1)(b) in adopting the resolution.
In 2018, the respondent/defendant Town of Southold purchased real property located at 1080 Carroll Avenue in Peconic (hereinafter the property). The purchase was authorized by a resolution of the Town Board of the Town of Southold (hereinafter the Board), which also funded [*2]the purchase through the issuance of $750,000 in bonds (hereinafter the bond resolution). The bond resolution contained a clause stating that the property was "to be used for future Town recreational purposes."
Thereafter, the Board, on its own motion, proposed a resolution to subdivide and rezone a portion of the property to an affordable housing district (hereinafter the zoning resolution). A number of Town residents submitted protests to the zoning resolution, including the petitioner/plaintiff Neal J. Cichanowicz, who allegedly owned an interest in a parcel adjacent to the property. On April 11, 2023, the Board adopted the zoning resolution by a vote of four in favor and two against, enacting the resolution as Local Law No. 6-2023 of the Town of Southold.
The petitioners/plaintiffs thereafter commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief. The second cause of action sought to annul the zoning resolution as arbitrary and capricious and in violation of lawful procedure on the grounds, inter alia, that, pursuant to Town Law § 265(1)(b), a voting supermajority of the Board had been required to enact the zoning resolution into law. The first cause of action sought a judgment declaring that the zoning resolution and Local Law No. 6-2023 were null and void based upon the Board's failure to abide by Town Law § 265(1)(b), and the third cause of action sought a judgment declaring that, pursuant to the public trust doctrine, Local Law No. 6-2023 is null and void as an alienation of public parkland without State legislative approval. The petitioners/plaintiffs moved for a preliminary injunction. The respondents/defendants opposed and cross-moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint. In an order and judgment dated December 11, 2023, the Supreme Court, among other things, granted the cross-motion, dismissed the proceeding, and declared that the zoning resolution and Local Law No. 6-2023were duly enacted by a majority vote and Local Law No. 6-2023 is not void or invalid as an alienation of public parkland without State legislative approval. The petitioners/plaintiffs appeal.
"On a motion [to dismiss] pursuant to CPLR 3211(a)(7) and 7804(f), only the petition is considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible [favorable] inference" (Matter of Atane Engrs., Architects & Land Surveyors, D.P.C. v Nassau County, 227 AD3d 708, 709 [internal quotation marks omitted]). Where, as here, "evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (id. [internal quotation marks omitted]). "A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Johnson v 275 Clermont, LLC, 235 AD3d 731, 732).
Town Law § 265 provides that zoning changes may be "effected by a simple majority vote of the town board" (id. § 265[1]), except that at least three-fourths of the members of the town board are required to make such changes, inter alia, "in the event such amendment is the subject of a written protest, presented to the town board and signed by . . . the owners of twenty percent or more of the area of land immediately adjacent to that land included in such proposed change" (id. § 265[1][b]).
Here, the petition/complaint alleged that Cichanowicz had an interest in the immediately adjacent parcel to the property, he submitted a written protest to the zoning resolution, and his protest "alone exceed[ed] the 20% threshold" under Town Law § 265(1)(b) to trigger the supermajority requirement. Under the circumstances, the allegations were sufficient to state a valid cause of action for declaratory relief related to the enactment of Local Law No. 6-2023 and the alleged conflict with Town Law § 265(1)(b). Morever, the respondents/defendants' submissions in support of their cross-motion did not utterly refute the factual allegation regarding Cichanowicz's interest in the adjacent parcel or demonstrate that his alleged interest was not a fact at all.
Accordingly, the Supreme Court should have denied that branch of the respondents/defendants' cross-motion which was to dismiss so much of the second cause of action as sought to annul the zoning resolution as arbitrary and capricious and in violation of lawful procedure on the ground that the Board failed to abide by the requirements of Town Law § 265(1)(b) in adopting the resolution. For the same reasons, the court should have denied that branch of the respondents/defendants' cross-motion which was to dismiss the first cause of action, seeking declaratory relief based on the Board's alleged violation of Town Law § 265(1)(b).
"Under the public trust doctrine, a land owner cannot alienate land that has been impliedly dedicated to parkland without obtaining the approval of the [State] legislature" (Matter of Coney Is. Boardwalk Community Gardens v City of New York, 172 AD3d 1366, 1368; see Friends of Van Cortlandt Park v City of New York, 95 NY2d 623, 631-632). "A parcel of land may become a park either expressly, such as by restrictions in a deed or legislative enactment, or by implication, such as by a continuous use of the parcel as a public park" (Matter of Levine v Village of Is. Park Bd. of Zoning Appeals, 95 AD3d 1125, 1127; see Powell v City of New York, 85 AD3d 429, 430-431).
Here, the petition/complaint set forth sufficient facts alleging that the property had been dedicated to parkland, including based on the text of the bond resolution, to state a cause of action for declaratory relief based on the public trust doctrine. Notably, Code of Town of Southold § 193-1 defines "recreational areas" as including, among other things, "parks, playgrounds, [and] athletic fields." Under the circumstances, at this juncture, the Supreme Court should have denied that branch of the respondents/defendants' cross-motion which was to dismiss the third cause of action, seeking declaratory relief based on the public trust doctrine.
The parties' remaining contentions are without merit.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court